OPINION JUDGMENT ENTRY
{¶ 1} Appellant Danny Argo appeals, pursuant to In re:Anderson (2001), 92 Ohio St.3d 63, from the April 26, 2001, and April 29, 2002, Judgment Entries of the Muskingum County Court of Common Pleas, Juvenile Division. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 30, 2001, a complaint was filed in the Muskingum County Court of Common Pleas, Juvenile Division Case Number 20120269 charging appellant Danny Argo with being delinquent by reason of having committed one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree. The complaint alleged that appellant, who was sixteen years old, had sexual contact with "JD" who was less than thirteen years old, and not the spouse of appellant. The copy of the complaint filed with the trial court contained a copy of the police narrative setting forth the facts underlying the charge.
 {¶ 3} On April 5, 2001, appellant was served with a summons and copy of the complaint. The court also appointed counsel for the appellant on that date.
 {¶ 4} On April 16, 2001, appellant filed a written denial of the allegations contained in the complaint, a Request for Discovery from the appellee, and a request for a pretrial conference. On April 16, 2001 the court filed a Notice of Hearing setting the pretrial date for April 23, 2001.
 {¶ 5} On April 23, 2001, appellant, appellant's mother and the magistrate signed a document titled "Rights Conference for Juvenile Magistrate's Hearing" which detailed appellant's constitutional rights. This document states that it was executed in open court on that date.
 {¶ 6} On April 24, 2001 the court filed a notice of hearing setting the date for appellant's change of plea for April 26, 2001.
 {¶ 7} On April 26, 2001 appellant appeared and entered pleas of true to the charge of Gross Sexual Imposition as well as three probation violation charges which are not the subject of this appeal. Prior to accepting his change of plea, the magistrate informed the appellant of the substance of the charges, including a reading of the complaint charging appellant with Gross Sexual Imposition. (T. April 26, 2001 at 1). The court then asked appellant's trial counsel to read the agreement pertaining to all four charges that had been reached as a result of plea negotiations with the appellee into the record. (Id.). Appellant's attorney recited in detail the jointly recommended sentence recommendation. (Id. at 2-5). Essentially, in exchange for an admission to all four charges, appellant would receive a suspended commitment to the Department of Youth Services, he would be placed on probation, and the court would order appellant to complete the residential treatment program at Oesterlen Services for Youth. (Id.). Appellant's attorney further stated "[o]ther than that, I think that's pretty much what he's agreed to. I will have to indicate on the record . . . that Mr. Nate Norris met with both of us at my request earlier this week and was very instrumental in providing specific information on what might be best for Danny or what would be the result of him going to Oesterlen or some of these types of programs . . . and he [Danny] also appreciates the input by Lori Cunningham in recent days, weeks also . . ." (Id. at 4-5). After the prosecutor stated he had nothing to add to the agreement as stated by appellant's counsel, the magistrate addressed the appellant. (Id. at 5-13).
 {¶ 8} The magistrate began the colloquy "[i]t's very important that you understand I guess the proposal very clearly and what's going on here Danny, so I am going to talk to you a little bit more before I even think about accepting a change of plea." (Id. at 5). The court informed the appellant of the possible consequences of his admission. (T. at 5-9). The court further informed appellant that by entering an admission to the charges, he was "waiving or giving up the right to any further contested hearing," "waiving or giving up the right for either you or your attorney to confront and cross examine any witnesses or evidence against you on any of those four charges," and "waiving or giving up the right to remain silent on any of the four charges."(Id. at 9-10). Appellant acknowledged that he understood those rights. (Id.). At that time appellant entered admissions to all four charges. (Id. at 11).
 {¶ 9} After appellant had entered his admission, the court asked the prosecutor to give a "summary or report as to what did lead to the filing' of the probation violation complaints and the felony Gross Sexual Imposition charge. (Id. at 11-12). Relevant to this appeal regarding the Gross Sexual Imposition charge, the prosecutor stated: "I don't have the date your Honor, but it was alleged that while at Avondale, with another resident, the date now being March 19th this year, this individual, Danny Argo, did inappropriately touch a minor under the age of 13 at the Avondale Youth Center." (Id. at 13). The Court then inquired of appellant if that was a fair summary as to what happened. (Id). Appellant stated that it was a fair summary. (Id.). The Court further asked both the appellant and his attorney if there was anything further "you can see should be added to any of the reports that I have received?" (Id.). Neither appellant nor his attorney indicated that they wished to add anything to the record. (Id.).
 {¶ 10} The court proceeded to sentence appellant in accordance with the plea agreement. (Id. at 15).
 {¶ 11} On February 6, 2002, a complaint was filed in the Muskingum County Court of Common Pleas, Juvenile Division Case Number 20220078 alleging that appellant was in violation of his probation by not following the rules and regulations of his court ordered placement. Appellant, appellant's mother and the magistrate again signed a form acknowledging that appellant had been advised of his constitutional rights and understood them. This form stated that it was executed in open court on February 6, 2002.
 {¶ 12} On February 7, 2002 a Judgment entry appointing counsel for the appellant was filed by the court. On February 12, 2002 appellant's trial counsel filed a written request for a pretrial conference with the court. A hearing was held on February 12, 2002 in which the magistrate stated: "Danny at the time of your Detention Hearing on February the 6th, 2002 you did receive a Juvenile Rights Form. Do you understand that you do still have all of those same rights here today?
 {¶ 13} "[Danny Argo] Yes, Your Honor I do.
 {¶ 14} "[Magistrate Buck:] And are you represented here today by Attorney Kevin VanHorn. Have you had an opportunity to discuss these charges with Attorney VanHorn?
 {¶ 15} "[Danny Argo:] Yes Your Honor, I have.
 {¶ 16} "[Magistrate Buck:] And are you satisfied that you understand the charges?
 {¶ 17} "[Danny Argo:] Yes You're Honor.
 {¶ 18} "[Magistrate Buck:] Do you have any questions about the charges?
 {¶ 19} "[Danny Argo:] No Your Honor, I do not." (T., February 12, 2002 at 1).
 {¶ 20} Appellant entered a denial to the charge. (Id. at 3). After explaining that the case would then be set for a full hearing, and that the prosecutor would have the burden of proof beyond a reasonable doubt at that hearing, the Court explained: "[y]ou would then need to be prepared to present any and all defenses you may have to the charge at that Hearing. . . . (Id. at 3). The Court then urged the appellant to discuss the case with his attorney. (Id.).
 {¶ 21} On April 26, 2002 the adjudicatory hearing was scheduled to take place. Again the court, prior to the start of the hearing inquired: "[n]ow Danny, at the time of your Detention Hearing on February the 6th you did receive a Juvenile Rights Form. Do you understand that you still have the same rights here today?" (T., April 26, 2002 at 1). The appellant again acknowledged that he understood his rights. (Id.).
 {¶ 22} Prior to accepting his change of plea, the magistrate informed the appellant of the substance of the charges, including a reading of the complaint. (Id. at 1). The court then asked appellant's trial counsel to read the agreement pertaining to the charge that had been reached as a result of plea negotiations with the appellee into the record. (Id.). Appellant's attorney recited in detail the jointly recommended sentence recommendation. (Id. at 2-7). Essentially, in exchange for his admission to the probation violation charge, appellant would be committed to the Department of Youth Services for a minimum of six months to a maximum of age twenty-one, the State would not oppose early release if appellant completes the sex offender program in less than six months, court costs were to be waived, appellant's driver's license was to be suspended, and appellant would be permitted to visit with family members and his girlfriend prior to his transport to the Department of Youth Services. (Id. at 2-4).
 {¶ 23} During the colloquy, the court informed the appellant that by entering an admission to the charge he would be "waiving or giving up the right to any further contested hearing on the charge," "waiving or giving up the right for either you or your attorney to confront and cross examine any witnesses or evidence against you on the charge," and "waiving or giving up the right to remain silent on the charge."(Id. at 10-11). Appellant acknowledged that he understood those rights, the plea agreement and that the court would proceed to find him delinquent and sentence him (Id.). At that time appellant entered his admission to the charge. (Id. at 11). The court proceeded to sentence appellant in accordance with the plea agreement. (Id. at 13-14).
 {¶ 24} Appellant filed a notice of appeal setting forth the following assignment of error:
 {¶ 25} "I. Danny Argo's admission to gross sexual imposition and subsequent probation violation was not knowing, voluntary, and intelligent, in violation of the Fifth, Sixth andFourteenth Amendments to the United States Constitution, Article I, Sections10 and 16 of the Ohio Constitution, and Juvenile Rule 29.
 I. {¶ 26} Appellant contends, in his sole assignment of error, that the juvenile court erred when it accepted his plea of true to the charge of Gross Sexual Imposition in Case No. 20120269 without complying with the requirements of Juv.R. 29(D) (1). Specifically, Appellant argues that the court did not engage in an adequate colloquy pursuant to Juv. R. 29(D) to determine whether appellant was making the plea voluntarily, with an understanding of the nature of the allegations against him. Further, appellant argues that the court did not specifically inform him of his right to present evidence at the adjudicatory hearings in that case and in the subsequent probation violation case, Case No. 20220078. We disagree.
 {¶ 27} Recently, the United States Supreme Court has suggested that "[t]he omission of a single Rule 11 warning without more is not colorable structural [error] . . ." UnitedState v. Dominguez-Benitez (June 14, 2004), ___ U.S. ___,124 S.Ct. 2333, 2339 at n. 6. Accordingly, reversal is not automatically required. Id. at 2338. Rather, the standard of review for compliance with Fed. Rules Cr. Proc. Rule 11 in informing a defendant of his rights prior to a plea of guilty is plain error. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez-Benitez, supra,124 S.Ct. at 2340.
 {¶ 28} Fed. Rules Cr. Proc. Rule 11 is analogous to Ohio Crim. R. 11 and Juv. R. 29. In re: Homan, 5th Dist. No. 2002AP080067, 2003-Ohio-352. The United States Supreme Court further stated that where a defendant does not enter a Rule 11 objection on the record, the defendant has the burden to demonstrate plain error, and an appellate court may look to the entire record when determining whether the appellant's substantial rights have been affected. United States v. Vonn
(2002), 535 U.S. 55, 122 S.Ct. 1043, 1046.
 {¶ 29} In the instant case, appellant failed to object, and has not demonstrated plain error affecting his substantial rights. Nor has appellant made any showing that, but for the error, he would not have plead true.
 {¶ 30} Appellant in the case sub judice first specifically contends that the lower court failed to comply with the requirements of Juv.R. 29(D) since it failed to inform appellant of the nature of the charges pending against him prior to accepting his plea of true. More to the point, appellant argues that, because the prosecutor failed to correctly read the statutory language of the complaint charging appellant with Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), his plea was not knowing, intelligent and voluntary.
 {¶ 31} The nature of the crime, also referred to as the nature of the charge, is a general knowledge of the crime. Knowledge of the nature of the crime or charge is more general than knowledge of the actual elements of the crime. In other words, although the defendant may not be able to outline each element of the crime, he knows the "circumstances of the crime."State v. Lane (Nov. 19, 1999), Ashtabula App. Nos. 97-A-0056, 97-A-0057, 97-A-0058. A familiarity with the facts alleged relating to each count of the crimes charged is enough to provide the defendant with knowledge of the nature of the crime. Ohio v.Elofskey (May 6, 1994), Montgomery App. No. 13970, unreported.
 {¶ 32} When a defendant is represented by counsel, there is a presumption, however, that the defense counsel did inform the defendant of the nature of the charges: "even without such express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." State v. Carter (1979),60 Ohio St.2d 34, 38, 396 N.E.2d 757, (quoting Henderson v. Morgan(1976), 426 U.S. 637, 96 S.Ct. 2253). See, also Marshall v.Lonberger (1983), 459 U.S. 422, 437-38, 103 S.Ct. 843, 852-53;State v. Eakin, 5th Dist. No. 01-CA-00087, 2002-Ohio-4713 at ¶ 22-23.
 {¶ 33} Additionally, serving the complaint or indictment setting forth the crime charged upon a defendant also gives rise to a presumption that the accused was informed of the nature of the charge against him. United States v. Bousley (1998),523 U.S. 614, 618, 118 S.Ct. 1604, 1609.
 {¶ 34} In the case at bar, appellant received copies of each complaint and was represented by counsel on each charge. Further, he initially entered a denial of the charge of Gross Sexual Imposition in Case No. 20120269. Thereafter, appellant's attorney filed a Request for Discovery from the State. At no point did appellant contend that his attorney failed to explain the complaint or the nature of the charges against him. Perhaps most telling is the fact that, prior to accepting his admission to the charges, the Magistrate stated as follows: "[t]he fourth and certainly most people would consider most serious charge was filed March 30, 2001 . . . charging Danny with being a delinquent child by on or about March 19th, 2001 having sexual contact with "JD", date of birth, August the 7th of 1998. Not the spouse of said Danny Argo. The said "JD" being less then 13 years of age. Whether or not said Danny Argo knows the age of "JD", that is a violation of Ohio Revised Code, Section 2907.05(A) (4) to wit, Gross Sexual Imposition, a felony of the third degree were [sic] committed by an adult . . ." (T., April 26, 2001 at 1). The court went on to explain the possible sentences if appellant were adjudicated delinquent on the charge. Id. Neither appellant nor his trial counsel indicated any confusion when asked by the court if anything further should be added to the information before the court. Id at 13. That information contained the police reports and narratives of the investigation into the charges that were attached to the court's copy of the complaint filed March 30, 2001.
 {¶ 35} Further, the record reveals that appellant's admissions were the result of extensive plea negotiations. (T., April 26, 2001 at 2-5; T., April 26, 2002 at 2-4).
 {¶ 36} Appellant has failed to demonstrate that he lacked an understanding that he was pleading true to "sexual contact" as opposed to "inappropriately touching". Nor has appellant demonstrated that he was in any way confused or mislead concerning the specific facts underlying the charge of Gross Sexual Imposition, and, therefore he would not have plead to the charge.
 {¶ 37} Nor are we persuaded that the appellant's substantial rights were violated by the trial court's failure to specifically address appellant's right to present evidence at the adjudicatory hearings.
 {¶ 38} As previously noted, a silent defendant has the burden to satisfy the plainerror rule and a reviewing court may consult the whole record when considering the effect of any error on substantial rights. United States v. Vonn (2002), 535 U.S. 55,122 S.Ct. 1043, 1046, 152 L.Ed.2d 90.
 {¶ 39} In Vonn, supra, the Court noted "[t]he record shows that four times either Vonn or his counsel affirmed that Vonn had heard or read a statement of his rights and understood what they were. Because there are circumstances in which defendants may be presumed to recall information provided to them prior to the plea proceeding, cf. Bousley v. United States, 523 U.S. 614, 618,118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (a defendant with a copy of his indictment before pleading guilty is presumed to know the nature of the charge against him), the record of Vonn's initial appearance and arraignment is relevant in fact, and well within the Advisory Committee's understanding of "other portions . . . of the limited record" that should be open to consideration. It may be considered here." Id. at 75, 122 S.Ct. at 1055.
 {¶ 40} On April 23, 2001 in Case No. 20120269, appellant, appellant's mother and the magistrate each signed a form entitled "Rights Conference For Juvenile Magistrate Hearing." The document states that it was "[s]igned in open Court . . ."
 {¶ 41} This document contains a detailed recitation of appellant's constitutional rights. Specifically, with respect to appellant's assignment of error the form reads: "4. You have the right to offer evidence and to confront and cross-examine witnesses brought into the hearing . . ." The form acknowledges that appellant understood the rights as explained to him. An identical document was executed by appellant, his mother and the magistrate on February 6, 2002 in Case No. 20220078.
 {¶ 42} The transcripts of February 6, 2002 and the April 23, 2001 hearings were not provided to this Court. In Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following: "[t]e duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v.Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App. R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 43} At the detention hearing held February 12, 2002 appellant was represented by counsel and entered a denial to the probation violation charge. Thereafter the following exchange took place:
 {¶ 44} "[Magistrate Buck] . . . Danny at the time of your Detention Hearing on February the 6th, 2002 you did receive a Juvenile Rights Form. Do you understand that you do still have all of those rights here today?
 {¶ 45} "[Danny Argo] Yes Your Honor I do."
 {¶ 46} (T., February 12, 2002 at 1). The court further instructed the appellant that: "you would need to then be prepared to present any and all defenses you may have to the charge at that Hearing because the Court would then make its decision as to whether or not you are a delinquent child as charged based upon the evidence presented at that Hearing. So if you've not already fully discussed theses matters with Mr. VanHorn, you need to do so promptly if he is going to be adequately prepared to represent you." (Id. at 3).
 {¶ 47} In reviewing the record in this case as a whole, we find that appellant was sufficiently apprised of his right to present evidence at any adjudicatory hearing. Appellant was represented by counsel. At no point in either of his plea hearings or his adjudications does it appear that appellant was confused. It is apparent from the record that the court complied with Juv. R. 29(D) in determining that appellant was entering his admission voluntarily, intelligently, and knowingly. Thus, the trial court did not fail to determine, as alleged by appellant, that he understood the rights he was waiving upon his plea.
 {¶ 48} Appellant's sole Assignment of Error is overruled.
 {¶ 49} For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division, Ohio, is affirmed.
Gwin, P.J., and Wise, J., concur; Edwards, J., dissents.