DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, age sixteen, appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division, in which he admitted to a charge of rape, which if committed by an adult would be a first degree felony in violation of R.C.2907.02(A)(1)(b). This Court affirms.
 I. {¶ 2} On August 14, 2003, Appellant was charged with two counts of rape. At his preliminary hearing, Appellant was appointed counsel and entered a denial to the charges brought against him. At that time, the trial court also recognized that a guardian ad litem ("GAL") had been appointed on Appellant's behalf. Subsequent to meeting with Appellant, the GAL recommended to the trial court on September 16, 2003, that Appellant be assessed for bipolar disorder. The GAL reiterated at Appellant's hearing on his motion for release that Appellant needed treatment. However, Appellant's counsel never requested a competency hearing and the trial court did not sua sponte conduct a hearing on the issue of Appellant's competency to stand trial.
 {¶ 3} On December 4, 2003, Appellant changed his plea to an admission. At such time, the trial court informed Appellant of the rights he was waiving by admitting to the charge of rape. Appellant indicated that he understood these rights and admitted. As part of the plea agreement, the second count of rape that was brought against Appellant was dismissed. After a sentencing hearing, Appellant was sentenced to the Department of Youth Services ("DYS") for a minimum of one year, maximum until he turns 21. Appellant timely appealed, raising three assignments of error.
 II. ASSIGNMENT OF ERROR I
"[Appellant] was denied his right to due process of law as guaranteed by the fifth and fourteenth amendments to the united states constitution and section sixteen, article one of the Ohio constitution because he was adjudicated delinquent while incompetent to stand trial."
 {¶ 4} In his first assignment of error, Appellant contends that the trial court committed plain error by failing to sua sponte order a competency hearing before accepting Appellant's admission. This Court disagrees.
 {¶ 5} A plain error that affects a substantial right may be noticed by this Court despite not being brought to the attention of the trial court. Crim.R. 52(B). As such, we will only take notice of plain error with the utmost caution and only to prevent a manifest miscarriage of justice. Ohio v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Accordingly, this Court will only reverse the decision of the trial court if Appellant has established that the trial court outcome would have clearly been different but for the alleged error. Id.
 {¶ 6} In juvenile proceedings, the accused has the fundamental right not to be tried while incompetent. In reMichael Roger Johnson (Oct. 25, 1983), 2nd Dist. No. 7998. As such, the constitutional test under the Fourteenth Amendment is "whether [Appellant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v.United States (1960), 362 U.S. 402, 402. Under Ohio's codification of this standard, Appellant is presumed competent and to succeed in demonstrating incompetence he must prove by a preponderance of the evidence that "because of [Appellant's] present mental condition, [Appellant] is incapable of understanding the nature and objective of the proceedings against [him] or of presently assisting in [his] defense[.]" R.C. 2945.37(G). R.C. 2945.37
provides the proper standard "so long as it is applied in light of juvenile rather than adult norms." In re Williams (1997),116 Ohio App.3d 237, 242.
 {¶ 7} In the instant case, Appellant has failed to demonstrate that a competency hearing would have clearly changed the outcome of the trial court. The record simply does not provide sufficient evidence to demonstrate that Appellant did not understand the nature of the proceedings against him. Nor does the record indicate that Appellant was unable to assist in his own defense. While Appellant's GAL requested that he be assessed, possibly for bipolar disorder, no one indicated to the trial court that Appellant was unfit to continue in the proceedings. Further, the record indicates that Appellant was able and did participate in the proceedings against him. When entering his plea of admission, he questioned the trial judge when he did not completely understand the rights he was relinquishing. Upon explanation, Appellant indicated that he understood each right that he was waiving. The record contains no indicia of incompetence. As such, this Court cannot say that it was plain error for the trial court to fail to order a competency hearing. See State v. Archie (Sept. 27, 1990), 10th Dist. No. 89AP-804.
 {¶ 8} In his reply brief, Appellant also asserts that the trial court was under a duty to order a competency hearing pursuant to R.C. 2945.37(A). Appellant relies on Rubenstein
which provides that in making the determination of whether to sua sponte order a competency hearing a trial court should consider:
"(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." State v. Rubenstein
(1987), 40 Ohio App.3d 57, 60-61.
As noted above, there is no evidence in the record to suggest that Appellant acted in an irrational way at any stage of the proceedings. Further, at his hearings, Appellant did not exhibit any signs of unusual behavior. Finally, there was no medical evidence presented that would illustrate Appellant's alleged incompetence. As such, the trial court was under no duty to conduct a competency hearing. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"[Appellant] was denied the effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the united states constitution and section sixteen, article one of the Ohio constitution."
 {¶ 9} In his second assignment of error, Appellant avers that he was denied effective assistance of counsel because his trial counsel failed to request a competency hearing. This Court disagrees.
 {¶ 10} In evaluating an ineffective assistance of counsel claim stemming from a juvenile proceeding, this Court utilizes the same standard as that applied in criminal proceedings. In reRackley (Jul. 16, 1997), 9th Dist. No. 18139. As such, this Court will employ the two step process described in Stricklandv. Washington (1984), 466 U.S. 668, 687. First, we must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v.Bradley (1989), 42 Ohio St.3d 136, 141; State v. Lytle (1976),48 Ohio St.2d 391, 396. Second, this Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Appellant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quoting Strickland,466 U.S. at 687.
 {¶ 11} Appellant's sole contention is that his trial counsel was ineffective because he failed to request a competency hearing. However, assuming arguendo, that his trial counsel erred in failing to request a competency hearing, Appellant's argument still must fail. As noted in response to Appellant's first assignment of error, there is insufficient evidence in the record to conclude that Appellant was incompetent at the time he entered his plea. As such, Appellant cannot satisfy the prejudice prong of his ineffective assistance of counsel claim. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred when it accepted [appellant's] admission to the charge of rape because [appellant's] plea was not knowing, intelligent, and voluntary under the fifth andfourteenth amendments to the united states constitution, section sixteen, article one of the Ohio constitution, and Juv.R. 29."
 {¶ 12} In his final assignment of error, Appellant contends that the trial court did not adequately advise Appellant of the nature of the charge he was admitting to and failed to adequately advise him of the rights he was waiving by pleading guilty. This Court disagrees.
 {¶ 13} Juv.R. 29(D) governs the procedures regarding the entry of an admission by a juvenile by providing as follows:
"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
"(2) The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 14} While the trial court need not strictly adhere to the procedures set forth in Juv.R. 29(D), it must substantially comply with the provisions. In re J.J., 9th Dist. No. 21386,2004-Ohio-1429, at ¶ 9. Failure of the trial court to substantially comply with the provisions of Juv.R. 29(D) requires reversal, allowing the juvenile to "plead anew." In reChristopher R. (1995), 101 Ohio App.3d 245, 248, quoting In reMeyer (Jan. 15, 1992), Hamilton App. Nos. C-910292, C-910404 and C-9101568.
 {¶ 15} In the instant case, the trial court engaged in the following colloquy with Appellant:
"THE COURT: All right. You don't have to do this. It's my duty to explain the possible maximum consequences for entering a plea of admission and the rights that you're giving up. So I'm going to go over that with you right now.
"All right. The maximum consequence — is this an offense where the offender was more than three years older than the victim?
"[PROSECUTOR:] Yes, your Honor.
"THE COURT: All right. The maximum consequence could be confinement to the Department of Youth Services for a minimum term of one to three years and a maximum term not to exceed your twentyfirst birthday. Do you understand the possible disposition for DYS?
"[APPELLANT:] I guess.
"THE COURT: Okay. Well, it's either one, two, or three years at DYS, up to a maximum of your twenty-first birthday.
"The maximum fine that can be imposed in this case is one thousand five hundred dollars.
"The Court can also impose other sanctions, including basic probation, intensive probation, supervision, community service, a requirement that you obtain a high school diploma, appear at a drug or alcohol counseling, a daytime or evening curfew, a period of house arrest with or without electronic monitoring, suspension of your driver's license. Do you have a driver's license?
"[APPELLANT:] No, sir.
"THE COURT: Have you ever had one?
"[APPELLANT:] No, sir.
"THE COURT: All right. Or the Court could also order that you not be allowed to obtain a driver's license for a period of time, and also require that you not be absent from school without a legitimate excuse.
"So those are, basically, the sanctions that the Court could impose for this kind of a violation. It's a serious charge.
"When you were in court before the Magistrate, she explained to you all the rights that you had at that time, and I'm going to go over those rights again with you just so that I understand that you know what rights you're giving up by entering a plea of admission.
"[APPELLANT:] Okay
"THE COURT: Okay. It was explained to you that you have the right to have an attorney represent you in the case. And Mr. Hall is your attorney for this case, correct?
"[APPELLANT:] Yes, sir.
"THE COURT: All right. Have you had enough time to talk to Mr. Hall about your case?
"[APPELLANT:] Yes, sir.
"THE COURT: Have you told him all the important facts and circumstances of this, as far as you're concerned, with regard to the case?
"[APPELLANT:] Yes, sir.
"THE COURT: You have a right to an adjudicatory hearing. That's a trial. At the trial, the State of Ohio, through its witnesses, would be required to prove that you are a delinquent child beyond a reasonable doubt. Do you understand that?
"[APPELLANT:] No, sir.
"THE COURT: Okay. I'll go a little slower. The reason why we're here today is to have an adjudication, a trial of your case. The State of Ohio presumably is prepared to go forward with its witnesses, and all of its evidence is ready to go forward today. You can require — by entering a plea of denial, which is the original plea, you can require of them to put on all their witnesses and all their evidence in an effort to convince me that you are delinquent of this charge — these two charges. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: Okay. Do you know what happens at a trial?
"[APPELLANT:] No, sir.
"THE COURT: Witnesses are called, they're placed under oath, and they testify and give statements and information to the Judge.
"Have you ever seen that on television?
"[APPELLANT:] Yes, sir.
"THE COURT: Okay. That's what a trial is all about.
"By entering a plea of admission, you're giving up your right to a trial. There will not be a trial today. You'll be found delinquent of one of the two charges. The other charge would be dismissed, if you enter a plea of admission. So do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: By entering a plea of admission, it means that you give up your right to require the State to prove that you are delinquent beyond a reasonable doubt. In other words, we're going to make the finding without any additional evidence. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: All right. At the trial, you have the right to question any of the witnesses. In fact, your attorney would ask the questions of any of the witnesses. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: By entering a plea of admission, you're giving up your right to question witnesses. Is that clear to you?
"[APPELLANT:] Yes, sir.
"THE COURT: You also have the right to remain silent. No one can compel you to testify if you didn't want to testify, and no inference could be drawn if you didn't — if you decided not to testify in the case, I could not hold that against you. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: All right. By entering a plea of admission, you're giving up your right to remain silent. Do you understand that?
"[APPELLANT:] (Inaudible).
"THE COURT: You also have the right to have a record taken of these proceedings, and a record is being taken right now. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: You would have the right to appeal any decision that I would make, and you still have the right to appeal. Do you understand that?
"[APPELLANT:] Yes, sir.
"THE COURT: Is there anything that you don't understand?
"[APPELLANT:] No, sir. I think that's it.
"* * * THE COURT: Okay. I want to make sure that you understand the nature of the plea. The plea of admission admits everything that's contained in the complaint. The complaint is being amended to allege only one count of rape. You do understand that, do you not?
"[APPELLANT:] (Inaudible).
"THE COURT: And it means that you are saying that everything in that complaint as amended is exactly true as it is written. The plea of denial, which is the plea that you previously entered, contests the statements in the complaint and require (sic) the case to be tried. So do you understand the difference between the two pleas, [sir]?
"[APPELLANT:] Yes, sir.
"THE COURT: All right. With respect to the charge of rape, in violation of Ohio Revised Code Section 2907.02(A)(1)(b), how do you plead? Admit or deny?
"[APPELLANT:] Admit.
"THE COURT: All right. I'm going to make a finding that the boy has made a knowingly, intelligent, voluntary plea of admission to the charge — to one count of rape, and that the plea was made with the active participation of able counsel."
 {¶ 16} Subsequent to this discussion, the State provided a statement of the facts that would be proven had the case moved forward to trial. In its proffer, the State indicated that the evidence would show that Appellant engaged in fellatio with an eight-year old who lived in the same residence as Appellant.
 {¶ 17} Appellant contends that the trial court failed to substantially comply with Juv.R. 29. Specifically, Appellant contends that the trial court failed to advise him that he was waiving his right to present evidence and failed to adequately detail the nature of the charges against Appellant. This Court finds that a comprehensive inquiry was conducted in substantial compliance with Juv.R. 29(D).
 {¶ 18} We first address whether Appellant was adequately advised of the nature of the charge against him. A defendant need not be informed of every element of the charge brought against him, but he must be made aware of the "circumstances of the crime." State v. Lane (Nov. 19, 1999), 11th Dist. Nos. 97-A-0056, 97-A-0057, and 97-A-0058. "When a defendant is represented by counsel, there is a presumption, however, that the defense counsel did inform the defendant of the nature of the charges[.]" In re Danny L. Argo, 5th Dist. No. CT2003-055,2004-Ohio-4938, at ¶ 32. Further, serving the complaint on the defendant also gives rise to a presumption that the accused was informed of the nature of the charge against him. Bouslev v.U.S. (1998), 523 U.S. 614, 618.
 {¶ 19} In the instant case, the complaint was served on Appellant and he was represented by counsel. In addition, Appellant originally denied the allegations in the complaint. The record reflects that Appellant insisted that the victim of the offense instigated the offensive conduct. At no time, even in his appellate brief, has Appellant alleged that he was unaware of the crime he was admitting to or the circumstances surrounding that crime. As such, this Court finds that the trial court substantially complied with Juv.R. 29(D) with respect to informing Appellant of the nature of the charges brought against him.
 {¶ 20} However, Appellant also contends that the trial court committed reversible error by failing to advise Appellant that he was waiving his right to present evidence at trial. However, the record supports a finding that Appellant was aware of his right to present evidence at trial. Initially, he denied the allegations in the complaint, and his trial counsel requested discovery. Further, during the above-quoted colloquy, the trial court informed Appellant that he was giving up his right to question witnesses. Additionally, Appellant indicated that his rights had previously been explained to him at his hearing before the magistrate. Given the extensive on-the-record discussion the trial court had with Appellant regarding the rights he was waiving, we find that the trial court substantially complied with Juv.R. 29(D)(2). See In re Danny L. Argo, 2004-Ohio-4938
(finding that the trial court's failure to inform a defendant that he waiving his right to present evidence did not warrant reversal if the record indicated that the defendant was aware of the right). Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 21} Appellant's assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellant.
Exceptions.
Whitmore, J. Concurs.