JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, C.F., age 16, appeals his commitment and sexual predator classification. Finding merit to this appeal, we reverse and remand for further proceedings.
 {¶ 2} C.F. pled guilty to one count of gross sexual imposition in the Lorain County Juvenile Court and was adjudicated delinquent. The court ordered a sex offender evaluation and transferred the matter to Cuyahoga County Juvenile Court for disposition of the case. On February 20, 2004, a dispositional hearing was held before a magistrate. The magistrate found that a commitment to the Ohio Department of Youth Service ("ODYS") was appropriate and classified C.F. as a sexual predator. On February 24, the judge adopted the magistrate's findings and committed C.F. to ODYS for an indefinite term of six months and a maximum not to exceed his twenty-first birthday.
 {¶ 3} C.F. appeals, raising five assignments of error.
 Right to Counsel {¶ 4} In his first and second assignments of error, C.F. argues that he was denied due process by the trial court's failure to ensure that he had counsel at the time of his commitment and sexual predator classification hearing.
 {¶ 5} In light of the criminal aspects of delinquency proceedings, including a juvenile's loss of liberty, due process and fair treatment are required in a juvenile adjudicatory hearing. In re Cross,96 Ohio St.3d 328, 2002-Ohio-4183, ¶ 21-24. Accordingly, the same safeguards of due process afforded to adult defendants apply to juveniles in a delinquency adjudication, including the right to counsel. In reGault (1967), 387 U.S. 1.
 {¶ 6} R.C. 2151.352 governs a juvenile's right to counsel and states:
"A child or the child's parents, custodian, or other person in locoparentis of such child is entitled to representation by legal counsel atall stages of the proceedings under this chapter or Chapter 2152. of theRevised Code and if, as an indigent person, any such person is unable toemploy counsel, to have counsel provided for the person pursuant toChapter 120. of the Revised Code. If a party appears without counsel, thecourt shall ascertain whether the party knows of the party's right tocounsel and of the party's right to be provided with counsel if the partyis an indigent person. The court may continue the case to enable a partyto obtain counsel or to be represented by the county public defender orthe joint county public defender and shall provide counsel upon requestpursuant to Chapter 120. of the Revised Code. Counsel must be provided fora child not represented by the child's parent, guardian, or custodian. Ifthe interests of two or more such parties conflict, separate counselshall be provided for each of them."
 {¶ 7} Pursuant to R.C. 2151.352, a juvenile has a right to representation at all stages of a juvenile court proceeding. In reKimble (1996), 114 Ohio App. 3d 136. See, also In re Estes, Washington App. No. 04CA11, 2004-Ohio-5163; In re Husk, Washington App. No. 02CA16, 2002-Ohio-4000. See, also Juv.R. 4; Juv.R. 29(B)(3). Further, the trial court must appoint counsel for a juvenile unless he or she knowingly, intelligently, and voluntarily waives such right. Id.
 {¶ 8} C.F. argues that the record fails to demonstrate that he was represented by counsel at the time of his commitment and classification hearing. He claims that no counsel was listed as appearing on his behalf, that no counsel made any argument on his behalf, and that, although the trial court's final journal entry indicates that he waived counsel, the dispositional hearing transcript contains no evidence of any waiver. In contrast, the State contends that the transcript was labeled incorrectly and that C.F. was represented by counsel at the proceeding. In support of this assertion, the State relies on two references to counsel made by the trial court and the fact that an argument was made on C.F.'s behalf, urging the court not to impose a sexual predator classification. However, we find the State's arguments unpersuasive for several reasons.
 {¶ 9} First, our review of the record reveals that C.F.'s probation officer, Larry Redmond, argued in C.F.'s defense. Further, the trial court's reference to "counsel" relates to Redmond and the argument he made on C.F.'s behalf. Moreover, while the trial court had stated at the beginning of the hearing that C.F. was present, "with father, along with counsel," we are unable to determine whether the trial court was referring to Redmond or if in fact C.F. had counsel present. Again, the transcript of the proceedings does not mention the name of defense counsel nor does defense counsel make any argument on C.F.'s behalf.
 {¶ 10} We note that if the court reporter had misidentified C.F.'s defense counsel with the name of his probation officer, the State could have easily corrected this mistake on appeal. See App.R. 9(E). By virtue of the State's failure to do so, we find no basis to speculate that the court reporter misidentified the parties. Additionally, we find that the trial judge's order, adopting the magistrate's decision, further confuses the issue because it states that "parties waived counsel." However, there is no evidence in the transcript that C.F. waived his right to have counsel present.
 {¶ 11} Thus, in light of the limited and contradictory evidence before this court, we find no evidence to support the State's position that counsel was present. Given the seriousness and magnitude of the proceedings, the record should clearly reflect that C.F. was represented by counsel, absent his clear waiver of such right. Because we find no such evidence in the record, we vacate C.F.'s commitment and sexual predator classification and remand for further proceedings consistent with this opinion.
 {¶ 12} Accordingly, the first and second assignments of error are sustained. Based on our disposition of these assignments of error, we find C.F.'s remaining arguments challenging his commitment and alleging ineffective assistance of counsel to be moot.
Judgment vacated and case remanded.
It is ordered that appellant recover of appellee the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J. concur.