JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, S.M., [1] appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, accepting his admission to felonious assault and also the juvenile court's delinquency adjudication. After reviewing the parties' arguments and pertinent case law, we reverse.
 {¶ 2} On February 29, 2008, complaints were filed with the juvenile court alleging that S.M. was delinquent as it pertains to the following offenses, if otherwise committed by an adult: one count of felonious assault and one count of abduction.
 {¶ 3} On March 20, 2008, the matter proceeded to hearing and the State nolled the count for abduction. Thereafter, the juvenile court conducted a colloquy with S.M., informing him of the rights he would be waiving by admitting to the charge of felonious assault. S.M. thereafter admitted to felonious assault, and the juvenile court accepted his admission.
 {¶ 4} On March 27, 2008, the matter proceeded to a dispositional hearing in which the juvenile court adjudicated S.M. delinquent on the count of felonious assault and committed S.M. to the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed his twenty-first birthday.
 {¶ 5} S.M. appeals, asserting two assignments of error for our review. *Page 4 
ASSIGNMENT OF ERROR NUMBER ONE "[S.M.'s] admission to the charge of Felonious Assault was not knowing, intelligent, and voluntary, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution and Juv. R. 29. (Hrg. 3/20/08, Tp. 4)."
 {¶ 6} S.M. argues that this admission was not entered knowingly, intelligently, and voluntarily because the juvenile court failed to advise him of the nature of the allegations pursuant to Juv. R. 29(D)(1) and failed to advise him of the substance of the complaint pursuant to Juv. R. 29(D)(2).
 {¶ 7} It must be noted, however, that S.M. never objected to the plea colloquy with the juvenile court. Thus, S.M. waived this argument on appeal save for plain error. Plain error is set forth in Crim. R. 52(B): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 8} The Supreme Court of Ohio held: "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91. The Supreme Court of Ohio further held: "The plain error test requires that, but for the existence of the error, the result of the trial would have been otherwise."State v. Wiles (1991), 59 Ohio St.3d 71.
 {¶ 9} Juv. R. 29(D) addresses juvenile admissions and reads in part:
 "The court may refuse to accept an admission and shall not accept *Page 5 
an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 10} Thus, the trial court "shall not accept an admission without addressing the party personally and determining *** [t]he party is making the admission voluntarily with understanding of the nature of the allegations ***." Juv. R. 29(D)(1). (Emphasis added.)
 {¶ 11} The Supreme Court of Ohio held:
 "In a juvenile delinquency case, the preferred practice is strict compliance with Juv. R. 29(D). If the trial court substantially complies with Juv. R. 29(D) in accepting an admission by a juvenile the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." In re C.S., 115 Ohio St.3d 267, 2007-Ohio-4919, at paragraph six of the syllabus.
 {¶ 12} As such, the Fourth Appellate District of Ohio held:
 "Prior to accepting an admission, the juvenile court must personally address the actual party before the court and determine that party *** understands the nature of the allegations and the consequences of entering the admission. Furthermore, the test for the accused delinquent's understanding of the charges is subjective, rather than objective, in that it is not sufficient that a hypothetical reasonable party would understand. The person actually before the court must do so." In re: K.B. (1996), 115 Ohio App.3d 567. *Page 6 
 {¶ 13} We have also held that "[i]n light of the criminal aspects of delinquency proceedings, including a juvenile's loss of liberty, due process and fair treatment are required in a juvenile adjudicatory hearing." In re C.F., Cuyahoga App. No. 84434, 2005-Ohio-2190; citingIn re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183. As such, the same due process rights afforded to adult defendants also applies to juveniles in a delinquency adjudication. See In re Gault (1967), 387 U.S. 1.
 {¶ 14} The colloquy in the instant case is similar to that in In thematter of: Amanda Pritchard, 5th Dist. No. 2001 AP 080078, 2002-Ohio-1664. In the Pritchard matter, although the trial court did review the rights that Pritchard was waiving, it did not review the nature of the charge with her. A review of the hearing in this case reveals the same; namely, that although the trial court reviewed the rights with S.M. that he would be waiving, the trial court did not review the elements of felonious assault with him or inquire whether he understood the nature of the charge. As such, the totality of the circumstances does not support a finding of a valid waiver pursuant to In re C.S.
 {¶ 15} Thus, we find plain error as it pertains to the juvenile court's application of Juv. R. 29(D)(1), and we need not address S.M.'s contentions as to the juvenile court's application of Juv. R. 29(D)(2). See App. R. 12.
 {¶ 16} S.M.'s first assignment of error is sustained. *Page 7 
ASSIGNMENT OF ERROR NUMBER TWO "[S.M.] was denied the effective assistance of counsel when counsel failed to make a motion to withdraw [S.M.'s] admission of "True" prior to sentencing, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16
of the Ohio Constitution."
 {¶ 17} In light of our ruling on S.M.'s first assignment of error, the second assignment of error is moot.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the juvenile division of the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
ANN DYKE, J., DISSENTING (SEE SEPARATE DISSENTING OPINION.)
[1] The juveniles are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in all juvenile cases. *Page 8