[Cite as *In re Keeling*, 2010-Ohio-1713.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

                                                    **CASE NO. 1-09-51**

    **DUSTIN KEELING,**

**ADJUDICATED DELINQUENT**                   **O P I N I O N**
**CHILD - APPELLANT.**

**Appeal from Allen County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 09 JG 26494**

**Judgment Reversed and Cause Remanded**

**Date of Decision:    April 19, 2010**

**APPEARANCES:**

    *Elizabeth R. Miller*  **for Appellant**

    *Christina L. Steffan*  **for Appellee**

Case No. 1-09-51

**ROGERS, J.**

{¶1} Defendant-Appellant, Dustin Keeling, appeals the judgment of the Court of Common Pleas of Allen County, Juvenile Division, adjudicating him a delinquent child, ordering him to serve a minimum period of one year and a maximum period not to exceed his twenty-first birthday at the Ohio Department of Youth Services (hereinafter "DYS"), and ordering him to pay $531 in restitution. On appeal, Keeling argues that his admission to the charge of delinquency was not knowing, intelligent, and voluntary; that the trial court abused its discretion in failing to consider community service prior to ordering him to pay a financial sanction; and, that he was denied effective assistance of counsel. Finding that Keeling's admission was not knowing, intelligent, and voluntary, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶2} In May 2009, the Allen County Sheriff's Office filed a complaint alleging that Keeling was a delinquent child on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree if committed by an adult. The complaint arose from an incident during which Keeling entered the residence of a neighbor, Brandon Daniels, and removed a total of approximately $962 to $972 in cash from a bank bag, the kitchen counter, and a vehicle parked in the garage. Subsequently, Keeling entered a denial to the allegations.

**{¶3}** In June 2009, the trial court appointed Keeling counsel.

**{¶4}** In July 2009, the trial court held an adjudicatory hearing at which Keeling withdrew his prior denial of the offense and entered an admission to burglary pursuant to a plea agreement. In exchange, the State agreed to recommend his commitment to a juvenile residential center in lieu of DYS. The transcript reflects that the following colloquy took place:

> **[Trial Court]: Do you understand that part of [the plea] agreement includes that you would be entering an admission to the charge of delinquency by reason of burglary, a felony of the second degree?**
> **[Keeling]: I do, sir.**
> **[Trial Court]: That means there won't be a trial?**
> **[Keeling]: Yes, sir.**
> **[Trial Court]: You're giving up your right to cross examine witnesses. You're giving up your right to challenge any evidence. You're giving up your right to present evidence on your own behalf, and you're giving up your right to remain silent. Do you understand all of that?**
> **[Keeling]: Yes, sir.**
> **[Trial Court]: Do you also understand, as I think the attorneys have made clear, that this is a recommendation the prosecutor is going to make. Apparently the Department of Youth Services is also going to make that recommendation. The ultimate dispositional order is going to be up to the Court?**
> **[Keeling]: Yes, sir.**
> **\* \***
> **[Trial Court]: Dustin, I need to ask then, at this time, do you now plead . . . how do you now plead to the charge of the delinquency by reason of burglary, a felony of the second degree.**
> **[Keeling]: Admission.**
> **[Trial Court]: Are you entering the admission voluntarily?**
> **[Keeling] Yes, sir.**

> **[Trial Court]: No one promised you anything or threatened you in any way to enter the admission other than the agreement that the attorneys just outlined to the Court. Is that correct?**
> **[Keeling]: Yes.**
> **[Trial Court]: And you're entering the admission, then, simply because what it says there in the complaint is true.**
> **[Keeling]: Yes, sir.**

(July 2008 Adjudicatory Hearing Tr., pp. 9-11).

{¶5} Thereafter, the trial court accepted Keeling's plea and the State recited the following facts:

> **[The State]: * * * On or about May 11, 2009, here in Allen County, Ohio, the defendant went into his neighbor's house at 11635 Reservoir Road and took out of it a bank bag which contained within it approximately $830. This was inside their residence . . . the residence of Brandon Daniels and Shelly Daniels. He went inside their home without permission and took the $830[1] and left. He spent an unknown amount of money and ended up returning roughly $400. $431.**

(July 2008 Adjudicatory Hearing Tr., p. 11).

{¶6} Thereafter, the trial court found Keeling to be a delinquent child beyond a reasonable doubt. Later that month, the trial court held a hearing on the issue of restitution, to which Keeling did not object.

{¶7} In August 2009, the trial court held a dispositional hearing and ordered Keeling to pay $531 in restitution to Daniels, representing the amount Keeling took reduced by the amount recovered by law enforcement. Additionally,

---

[1] At the July 2009 restitution hearing, the victim testified that a total of approximately $962 to $972 was taken from the residence including from the bank bag, the kitchen counter, and a vehicle in the garage.

the trial court ordered Keeling to serve at DYS a minimum period of one year and maximum period not to exceed his twenty-first birthday.

**{¶8}** It is from this judgment that Keeling appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**DUSTIN K.'S ADMISSION TO THE DELINQUENCY CHARGE WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29. (ADJUDICATION, T.PP. 9-10).**

*Assignment of Error No. II*

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT KNEW DUSTIN K. WAS INDIGENT AND FAILED TO CONSIDER COMMUNITY SERVICE PRIOR TO ORDERING HIM TO PAY FINANCIAL SANCTIONS, IN VIOLATION OF R.C. 2152.20(D). (DISPOSITION, T.PP. 2-8); (A-3).**

*Assignment of Error No. III*

**DUSTIN K. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. (RESTITUTION, T.PP. 3-36); (DISPOSITION, T.PP. 2-8); (A-2—A-5).**

**{¶9}** Due to the nature of Keeling's arguments, we elect to address his second and third assignments of error together.

*Assignment of Error No. I*

{¶10} In his first assignment of error, Keeling argues that his admission to the delinquency allegation was not knowing, intelligent, and voluntary in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juv.R. 29. Specifically, Keeling asserts that the trial court did not even minimally comply with Juv.R. 29(D)(1), claiming that it failed to ensure that he understood the nature of the burglary allegation prior to accepting his admission; that the trial court failed to ascertain whether he understood the consequences of his admission, specifically that he could be committed to DYS for a minimum period of one year and maximum period up to his twenty-first birthday; and, that the trial court failed to advise him that he could be ordered to pay restitution and court costs, or that, alternately, the court could impose a term of community service in lieu of financial sanctions.

{¶11} The State responds that the record demonstrates Keeling understood the nature of the allegation because after he entered his admission, the State recited the facts of the offense, and Keeling then admitted he committed the acts recited. The State contends that, had Keeling denied the State's recitation of the facts or given a conflicting version of events, the trial court would have sua sponte withdrawn his admission and set the matter for a hearing. Further, the State argues

that Keeling was aware of the consequences of his admission because there was a lengthy discussion at the beginning of the hearing between the State, trial counsel, and the trial court concerning the State's recommendation that Keeling be sent to a juvenile residential center; because Keeling was on parole at the time of the hearing and had already served time at DYS; because the trial court had advised him that, despite the State's recommendation that he be sent to a juvenile residential center, the final disposition was in the trial court's discretion; and, because the trial court indicated early in the hearing that there would be a restitution hearing.

{¶12} Juv.R. 29(D) provides, in pertinent part:

**The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:**

**(1)   The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admissions;**

**(2)   The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.**

{¶13} An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require a trial court to personally address the offender on the record with respect to the issues set forth in the rules. *In re Messmer*, 3d Dist. No. 16-08-03, 2008-Ohio-

4955, ¶9, citing *In re Smith*, 3d Dist. No. 14-05-33, 2006-Ohio-2788, ¶13, citing *In re C.K.*, 8th Dist. No. 79074, 2002-Ohio-1659; *In re Royal* (1999), 132 Ohio App.3d 496, 504; *In re Jenkins* (1995), 101 Ohio App.3d 177, 179. Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to ensure that the guilty plea or admission is entered voluntarily, intelligently, and knowingly. Id., citing *In re Smith*, 2006-Ohio-2788, at ¶13, citing *In re Flynn* (1995), 101 Ohio App.3d 778, 781; *In re McKenzie* (1995), 102 Ohio App.3d 275, 277. "'In order to satisfy the requirements of [Juv.R. 29], the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily.'" Id., quoting *In re Smith*, 2006-Ohio-2788, at ¶13, quoting *In re West* (1998), 128 Ohio App.3d 356, 359. Juv.R. 29(D) also places an affirmative duty upon the juvenile court to personally address the juvenile and determine that the juvenile, and "not merely the attorney, understands the nature of the allegations and the consequences of entering the admission." Id., quoting *In re Smith*, 2006-Ohio-2788, at ¶13, citing *In re Beechler* (1996), 115 Ohio App.3d 567, 571.

{¶14} The best method for assuring compliance with Juv.R. 29(D) is for a court to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission." Id., quoting *In re*

*Miller* (1997), 119 Ohio App.3d 52, 58, citing *State v. Ballard* (1981), 66 Ohio St.2d 473. Although strict compliance with Juv.R. 29(D) is preferred in a juvenile delinquency case, the Supreme Court of Ohio has required only "substantial compliance" with the rule in accepting a juvenile's admission. Id., quoting *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶113. In the context of juvenile delinquency proceedings, "'[s]ubstantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea.'" Id., quoting *In re C.S.*, 115 Ohio St.3d 267, at ¶113. Failure of a juvenile court to substantially comply with Juv.R. 29(D) has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew. Id., citing *In re C.S.*, 115 Ohio St.3d 267, at ¶112; *In re Smith*, 2006-Ohio-2788, at ¶14, citing *In re Doyle* (1997), 122 Ohio App.3d 767, 772.

{¶15} In order to substantially comply with Juv.R. 29(D)(1), courts have found that "[a] defendant need not be informed of every element of the charge brought against him, but he must be made aware of the 'circumstances of the crime.'" *In re Wood*, 9th Dist. No. 04CA0005-M, 2004-Ohio-6539, ¶18, quoting *State v. Lane*, 11th Dist. Nos. 97-A-056, 97-A-0057, 97-A-0058, 1999 WL 1080329. Additionally, courts have found that there is a presumption, where a defendant is represented by counsel, that counsel informed the defendant of the nature of the charge. *In re Wood*, 2004-Ohio-6539, at ¶18, citing *In re Argo*, 5th

Dist. No. CT2003-055, 2004-Ohio-4938, ¶32. Further, courts have found that there is a presumption where a complaint is served on a defendant that he is apprised of the nature of the charge contained in the complaint. Id., citing *Bousley v. U.S.* (1998), 523 U.S. 614, 618.

{¶16} In *In re S.M.*, 8th Dist. No. 91408, 2008-Ohio-6852, the Eighth Appellate District found that a trial court did not substantially comply with Juv.R. 29(D)(1) where, although the trial court reviewed the rights the juvenile waived in accordance with Juv.R. 29(D)(2), the trial court did not review the elements of the felonious assault offense or inquire as to whether he understood the nature of the offense prior to accepting his admission. This was so even though the prosecutor recited the evidence that would constitute the felonious assault offense at the trial court's direction, in the juvenile's presence, and prior to the trial court's acceptance of the juvenile's admission. See *In re S.M.*, 2008-Ohio-6852, at ¶¶33, 35 (Dyke, J., dissenting). Additionally, the Eighth Appellate District has found that a trial court did not substantially comply with Juv.R. 29(D)(1) where it failed to inform the juvenile of his possible term of commitment prior to accepting his admission. See *In re Holcomb*, 147 Ohio App.3d 31, 2002-Ohio-2042. See, also, *In re Pritchard*, 5th Dist. No. 2001 AP 080078, 2002-Ohio-1664 (finding no substantial compliance with Juv.R. 29(D)(1) where trial court thoroughly reviewed the rights that the juvenile would waive upon entering her admission, but did not

review the charge with the juvenile or discuss the possible penalties it could impose); *In re Jones*, 4th Dist. No. 99 CA 4, 2000 WL 387727 (finding no substantial compliance with Juv.R. 29(D)(1) where the trial court did not explain the charge, ask the juvenile whether he understood the charge, or inform him of the maximum sentence it could impose prior to accepting his admission); *In re Beechler*, supra (finding no substantial compliance with Juv.R. 29(D)(1) where the trial court recited the juvenile's constitutional rights, but did not determine whether he understood the nature of the charges or the consequences of an admission to the charges).

{¶17} In light of the preceding, we find that the trial court did not substantially comply with the requirements of Juv.R. 29(D)(1). Here, the record reflects that the trial court did not explain the nature or elements of the burglary charge and did not ask Keeling whether he understood the charge. Further, although the State argues that the prosecutor recited the facts underlying the burglary charge after Keeling entered his admission, we note that the Fourth Appellate District has found that "[t]he provisions of Juv.R. 29(D) specify that the juvenile must be made aware of the consequences of his admission before that admission is accepted. A trial court cannot retroactively cure its omission under this rule by informing the juvenile after the fact." *In re Jones*, supra; see, also, *In re S.M.*, supra.

{¶18} Additionally, even assuming arguendo that Keeling's trial counsel and the complaint sufficiently apprised him of the nature of the charge, as urged by *In re Wood* and *Argo*, supra, the record reflects that the trial court also failed to explain the consequences of entering an admission to the burglary charge. The State urges us to assume that Keeling was aware of the consequences due to discussion between the trial court, the State, and trial counsel concerning the State's recommendation that Keeling be sent to a juvenile residential center; because Keeling was on parole at the time of the hearing and had already served time at DYS; and, because the trial court warned Keeling that, despite any recommendation, the final disposition was in its discretion. However, we cannot find that substantial compliance was present here. Juv.R. 29(D) requires that the trial court "refuse to accept an admission and shall not accept an admission without *addressing the party personally*" and determining that he understands the consequences of the admission. (Emphasis added). See, also, *In re Smith*, 2006-Ohio-2798, at ¶13. Thus, we cannot find that a discussion held between the trial court, trial counsel, and the State as to the possible consequences satisfies the express requirements of Juv.R. 29(D)(1). Further, although the trial court informed Keeling that the final disposition was in the trial court's discretion, we cannot find that this advisement was sufficient to relay the possible consequences

of an admission, as it conveyed no possible range of sentences or mention of commitment to DYS. See *Jones*, supra.

**{¶19}** Accordingly, we find that the trial court failed to determine that Keeling's admission to burglary was knowing, intelligent, and voluntary in accordance with Juv.R. 29(D), and we sustain Keeling's first assignment of error.

*Assignments of Error Nos. II & III*

**{¶20}** In his second assignment of error, Keeling argues that the trial court abused its discretion because it knew that he was indigent, but failed to consider imposing community service in lieu of financial sanctions in violation of R.C. 2152.20(D). Specifically, Keeling argues that he filed an affidavit of indigency in order to obtain court appointed counsel, but that, despite his demonstrated indigency, nothing in the record, including the transcript and judgment entry, demonstrates that the trial court considered imposing community service before ordering him to pay restitution.

**{¶21}** In his third assignment of error, Keeling argues that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Specifically, Keeling argues that his trial counsel was ineffective because she allowed him to admit to the burglary allegation without first ensuring that he understood the nature of the allegations and the consequences

of entering an admission; because she was aware of his indigent status, yet failed to object to the trial court's imposition of financial sanctions without first considering community service; because she failed to familiarize herself with R.C. 2152.18 and informed the trial court that she did not know if Keeling was entitled to detention credit toward his term in DYS for the burglary offense; and, because she failed to "zealously advocate" for Keeling at disposition because she did not suggest to the court any alternative dispositions to DYS.

{¶22} Our disposition of Keeling's first assignment of error renders his second and third assignments of error moot, and we decline to address them. App.R. 12(A)(1)(c).

{¶23} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in the first assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**