{¶ 18} I respectfully dissent. As an initial matter, I note that appellant failed to enter any Juv. R. 29 objections on the record. Accordingly, he has the burden to demonstrate plain error which affected his substantial rights. In re Smith, Richland App. No. 2004-CA-64,2005-Ohio-1434, relying on United States v. Vonn (2002), 535 U.S. 55,58, 122 S.Ct. 1043, 152 L.Ed.2d 90. This court may look to the entire record when determining whether appellant's substantial rights have been affected. Id., relying on Vonn, supra at 59. To demonstrate plain error under Juv. R. 29, a defendant must establish "a reasonable probability that, but for the error, he would not have entered the [admission.]" Id., quoting United States v. Dominguez-Benitez (2004), 542 U.S. 74, 83,124 S.Ct. 2333, 159 L.Ed.2d 157.
 {¶ 19} Pursuant to Juv. R. 29(D)(1), the juvenile court must personally address the defendant to determine whether he "is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission." The court must substantially comply with the requirements of Juv. R. 29(D)(1), which means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea. In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281, quoting State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474.
 {¶ 20} When determining whether an admission is being made with an *Page 9 
understanding of the charges, a court is not always required to inform the juvenile of the elements of the offense or specifically inquire whether he understands the charge, so long as the totality of the circumstances supports the trial court's conclusion that the juvenile understands the charges brought against him. In re Garrard (Nov. 20, 1997), Franklin App. No. 97APF03-449, citing State v. Rainey (1982),3 Ohio App.3d 441, 442, 446 N.E.2d 188. In Rainey, the court explained that "* * * under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court." Id. "A familiarity with the facts alleged relating to each count of the crimes charged is enough to provide the defendant with knowledge of the nature of the crime." In reLargo, Muskingham App. No. CT2003-055, 2004-Ohio-4938.
 {¶ 21} Moreover, the court may presume that a defendant represented by counsel was informed of the nature of the charges. Id. "[E]ven without such express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id., quoting State v. Carter (1979), 60 Ohio St.2d 34,38, 396 N.E.2d 757, quoting Henderson v. Morgan (1976), 426 U.S. 637,647, 96 S.Ct. 2253, 49 L.Ed.2d 108.
 {¶ 22} Additionally, one can presume that the defendant was informed of the nature of the crime when he was served with the complaint or indictment which set forth the charged offenses. In re Largo, supra.
 {¶ 23} The following colloquy occurred in this matter during the change of plea *Page 10 
hearing on March 20, 2008:
 {¶ 24} "THE COURT: Do you understand that if you admit to the charge of felonious assault, a felony of the second degree, I will accept your admission. I will find that you are delinquent. Do you understand that?
 {¶ 25} "THE DEFENDANT: Yes.
 {¶ 26} "THE COURT: Understand then my usual procedure is to have the probation department give us a report and recommendation so we can make a decision of what to do with you. Among my options are everything from having you pay fines, court costs, restitution. That is, to pay back any damages you caused. I could have you do community service work, put you on probation.
 {¶ 27} "I could lock you up in the detention center for up to 90 days, I could send you to the youth development center. It's a program run by the County for juveniles. I could send you to the Ohio Department of Youth Services, the prison system in Ohio for juveniles. If I send you there your minimum term would be one year. If you decided to act a fool while there they could keep you longer. They could actually keep you until you reach the age of 21.
 {¶ 28} "Finally, if this is your first felony adjudication you would be required to submit a DNA sample. They take a swab from the inside of your mouth. They keep it on file with the State. Do you understand all of that that we just went over?
 {¶ 29} "THE DEFENDANT: Yes.
 {¶ 30} "THE COURT: Okay. With all that in mind is it your free choice today to admit to this charge of felonious assault? *Page 11 
 {¶ 31} "* * *
 {¶ 32} "THE COURT: All right. Ms. Donovan, would you give me a brief summary of the evidence we would have heard at trial?
 {¶ 33} "MS. DONOVAN: Thank you, your Honor. Had this matter proceeded to trial the evidence would have shown that [S.M.] along with another individual came across [the victim], who I believe was his girlfriend at the time, he was mad at her for some reason and proceeded to choke her, punch her, beat her up pretty badly. Punched her in the stomach and face to the point where a teacher found her in a fetal position on the ground.
 {¶ 34} "THE COURT: All right. I will accept your admission. I will find you delinquent on that charge and grant the State's motion to nolle Count 2. * * *."
 {¶ 35} While the court in this case did not review the elements of felonious assault with appellant or specifically inquire whether he understood the charge, I would find from the totality of circumstances that appellant understood the nature of the allegations. First, the record establishes that appellant was served with the complaint and was represented by counsel throughout the proceedings in this case. Additionally, the court personally addressed appellant at the change of plea hearing and engaged in a lengthy discussion with him in which the court informed him of the charges against him, the rights he would be waiving by entering an admission, and the range of penalties for the offense. The court inquired into appellant's understanding of the information and in each instance appellant responded that he understood. He did not express any confusion as to the proceedings, as to the *Page 12 
nature of the allegations, or ask the court any questions. Additionally, the conduct that constituted the offense of felonious assault was dispelled by the prosecutor at the direction of the court and in the presence of appellant. Accordingly, under the circumstances, I would find that the trial court substantially complied with the provisions of Juv. R. 29(D)(1). Based on the foregoing, I would find that the trial court substantially complied with Juv. R. 29 and appellant has failed to demonstrate plain error affecting his substantial rights. I would additionally conclude that the requirements of Juv. R. 29(D)(2) were also met herein. *Page 1