OPINION
{¶ 1} Defendant-appellant, J.W., appeals the decision of the Butler County Juvenile Court adjudicating him delinquent for engaging in ethnic intimidation. We affirm in part and reverse in part.
 {¶ 2} On July 6, 2003, J.W., a fifteen-year-old juvenile, was charged in the Butler County Juvenile Court with violating R.C. 2927.12, ethnic intimidation, R.C. 2921.33, resisting arrest, and R.C. 2909.29, vandalism. The complaint alleged that J.W. painted the word "nigger" and swastikas on the walls and doors of an apartment building. At a hearing on the complaint, the court merged the charges of resisting arrest and vandalism into the charge of ethnic intimidation. J.W., represented by court-appointed counsel, entered a plea of true to that charge, and the court subsequently adjudicated him delinquent.
 {¶ 3} The court then determined that the act of ethnic intimidation, if committed by an adult, would constitute a felony of the fifth degree. Accordingly, and pursuant to R.C. 2152.16, the court ordered J.W. committed to the legal custody of the Department of Youth Services ("DYS") for a minimum period of six months and a maximum period not to exceed his twenty-first birthday. The court stayed execution of the confinement order, however, and placed J.W. on probation.
 {¶ 4} While on probation, J.W. was ordered to attend sensitivity training, complete a work program, and participate in victim offender mediation. Additionally, the court ordered J.W. to pay restitution and court costs, including attorney fees.
 {¶ 5} Thereafter, on August 27, 2003, J.W. was charged with violating his probation by failing to attend his court-ordered work program. He was found delinquent for violating the terms of his probation and ordered committed to the legal custody of the Butler County Rehabilitation Center.
 {¶ 6} On November 21, 2003, J.W. was again charged with violating his probation. On this occasion, the complaint alleged that he failed to comply with the program at the Butler County Juvenile Rehabilitation Center. He was again found delinquent, and on January 8, 2004, the court determined it was in J.W.'s best interest to transfer him to the custody of DYS. In accordance with the court's previously stayed order, the confinement was ordered for a minimum period of six months and a maximum period not to exceed J.W.'s twenty-first birthday.
 {¶ 7} Following his transfer to the custody of the DYS, J.W. filed a petition for a writ of habeas corpus with the Fourth District Court of Appeals. Upon reviewing the petition, the Fourth District found its factual claims were accurate. The court denied the petition, however, holding that a writ of habeas corpus was not proper because an adequate remedy at law still existed through direct appeal.
 {¶ 8} An appeal to this court followed, in which J.W. raises four assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court exceeded its statutory authority when it adjudicated [J.W.] delinquent for the crime of ethnic intimidation and committed him to the ohio department of youth services when the required predicate offenses for that crime were never charged or found."
 {¶ 11} In his first assignment of error, J.W. argues the juvenile court erred when it adjudicated him delinquent for committing ethnic intimidation in violation of R.C. 2927.12 because he was never charged with, or found to have committed, one of the statute's requisite predicate offenses.
 {¶ 12} R.C. 2927.12(A) provides: "No person shall violate section2903.21, 2903.22, 2909.06, or 2909.07, or division (A)(3),(4), or (5) of section 2917.21 of the Revised Code by reason of race, color, religion, or national origin of another person or group of persons." The five code sections cited in the provision as predicate offenses are the crimes of aggravated menacing, menacing, criminal damaging, criminal mischief, and telephone harassment, respectively.
 {¶ 13} J.W. was initially charged with vandalism, resisting arrest, and ethnic intimidation. Neither menacing, aggravated menacing, criminal damaging, criminal mischief, nor telephone harassment were ever listed as charges against him. Therefore, J.W. argues, a necessary element of R.C.2927.12 was not present to enable the court to find him delinquent for committing ethnic intimidation.
 {¶ 14} J.W. is correct in his assertion that none of the five necessary predicate offenses for ethnic intimidation was ever charged. However, he was charged with vandalism. Criminal damaging, a valid predicate offense for ethnic intimidation, is a lesser-included offense of vandalism. See State v. Gatewood (Dec. 22, 2000), Hamilton App. No. C-000157.
 {¶ 15} If J.W. had been tried on the charge of vandalism, a jury could have lawfully convicted him for the lesser-included offense of criminal damaging even though that offense was never charged. Crim.R. 31(C) provides: "When [an] indictment, information, or complaint charges an offense * * *, [and] lesser offenses are included within the offense charged, the defendant may be found * * * guilty of * * * a lesser included offense." Accordingly, based upon the lesser-included predicate offense of criminal damaging, we find the juvenile court could, and did, validly adjudicate J.W. delinquent for the crime of ethnic intimidation.
 {¶ 16} J.W. also argues that even if the juvenile court correctly adjudicated him delinquent for the crime of ethnic intimidation, the court erred in imposing a sentence of confinement at DYS. We agree.
 {¶ 17} R.C. 2152.16 permits a juvenile court to impose confinement at DYS as a punishment for a delinquent child only if the act for which the child is adjudicated delinquent would be classified as a felony if committed by an adult. J.W.'s act, however, would not have been classified as a felony. His act of ethnic intimidation would have been a misdemeanor of the first degree if committed by an adult.
 {¶ 18} R.C. 2927.12(B) provides: "Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation." Thus, the degree of an ethnic intimidation offense depends upon which of the statute's five underlying predicate offenses a violator committed "by reason of race, color, religion, or national origin."
 {¶ 19} Aggravated menacing and telephone harassment are first degree misdemeanors. Therefore, according to the terms of R.C 2927(B), if a person commits either of these offenses "by reason of race, color, religion, or national origin," that person is guilty of a felony of the fifth degree.
 {¶ 20} Criminal damaging, however, is a second-degree misdemeanor. An act of ethnic intimidation with criminal damaging as a predicate offense would therefore result in a first-degree misdemeanor conviction. As indicated above, the relevant predicate offense in this case is criminal damaging, a lesser-included offense of vandalism. Therefore, pursuant to the directive of R.C. 2927.12(B), the juvenile court should have classified J.W.'s act of ethnic intimidation as a misdemeanor of the first degree. Accordingly, the juvenile court's disposition and order confining J.W. to DYS was improper.
 {¶ 21} Crimes are statutory, as are their penalties, and the only sentence a judge may impose is that provided for by statute. Colegrovev. Burns (1964), 175 Ohio St. 437, 438. When a court fails to properly follow statutory requirements for sentencing, the sentence imposed is void. State v. Beasley (1984), 14 Ohio St.3d 74, 75. In this case, the juvenile court failed to comply with R.C. 2152.16 by imposing a sentence of confinement at DYS for an act that would not have been a felony if committed by an adult. The portion of J.W's sentence committing him to DYS is therefore void, and his first assignment of error is, in part, sustained.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "[J.W.] was denied the effective assistance of counsel when counsel advised him to enter an admission of true to ethnic intimidation and failed to object to his commitment to the ohio department of youth services or otherwise bring the sentencing error to the court's attention."
 {¶ 24} In his second assignment of error, J.W argues his court-appointed counsel was ineffective for advising him to plead to the charge of ethnic intimidation when the elements of that crime were not present. A claim of ineffective assistance of counsel is a constitutional argument in which a defendant must satisfy a two-part test. First, a defendant must show that his counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced his defense. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064. We concluded under the first assignment of error, however, that the elements of ethnic intimidation were present in this case. Therefore, trial counsel was not ineffective in this regard, and this argument is moot.
 {¶ 25} J.W. also argues his counsel was constitutionally ineffective for failing to object to his confinement at DYS. This argument, however, is also moot. We concluded under the first assignment of error that the juvenile court's order committing J.W. to DYS is void. Because we were able to reach our conclusion on non-constitutional grounds, we need not address J.W.'s constitutional claim. When an issue can be determined on another basis, a court should refrain from deciding the issue on constitutional grounds. State ex rel. Essig v. Blackwell,103 Ohio St.3d 481, 2004-Ohio-5586, ¶ 34.
 {¶ 26} The second assignment of error is therefore dismissed as moot. See App.R. 12(A)(1)(c).
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "The trial court erred when it failed to make an affirmative determination on the record that [J.W.], an indigent juvenile, had the means, or reasonably could be expected to have the means, to pay for legal services rendered."
 {¶ 29} In his third assignment of error, J.W. argues the juvenile court erred by not making a determination on the record that he, as an indigent defendant, had the ability to pay the court-appointed counsel fees imposed upon him as a sanction. We agree.
 {¶ 30} The rules governing the disposition of children adjudicated delinquent are contained primarily in R.C. Chapter 2152. When a child is adjudicated delinquent, R.C. 2152.20 provides that the court may impose any of the following financial sanctions: impose a fine, order restitution, require the child to pay costs (including court-appointed counsel fees under Juv.R. 4), or require the child to reimburse any or all of the costs incurred for services provided or sanctions imposed. Additionally, the court "may hold a hearing if necessary to determine whether a child is able to pay a sanction" imposed. R.C. 2152.20(C).
 {¶ 31} R.C. Chapter 2152 does not explicitly require the court to make the determination that an indigent child has the means to pay a financial sanction imposed. The chapter does provide, however, that "[i]f the child is indigent, the court shall consider imposing a term of community service * * * in lieu of imposing a financial sanction * * *." R.C.2152.20(D).
 {¶ 32} Furthermore, R.C. 2152.01 requires dispositions in juvenile court to be reasonably calculated to achieve the overriding purposes of the juvenile court system. One of the court's overriding purposes is to provide for the care, protection, development, and rehabilitation of children. Id. We do not see how the court can properly carry out that purpose if it fails to consider a child's ability to pay fees before imposing them.
 {¶ 33} We also note how we have dealt with similar situations in adult criminal cases. We have held that "[a] trial court may require an indigent defendant to pay the cost of his court-appointed attorney only after the court makes an affirmative determination on the record in the form of a journal entry, that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him." State v. Cooper, 147 Ohio App.3d 116,2002-Ohio-617, ¶ 71. We find this rule is consistent with the overall purposes of juvenile court and, therefore, applicable to juvenile adjudications as well.
 {¶ 34} Upon reviewing the record in this case, we find nothing indicating the juvenile court followed R.C. 2152.20(D) by considering imposing a term of community service in lieu of requiring J.W. to pay his court-appointed attorney fees. We also find the court failed to make an affirmative determination on the record in the form of a journal entry that J.W. has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. The third assignment of error is therefore sustained.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "[J.W.], An indigent juvenile, was denied his constitutional rights to due process and equal protection of the law when the trial court ordered him to pay attorney fees."
 {¶ 37} In his fourth assignment of error, J.W. argues that he was denied his constitutional rights to due process and equal protection when the court failed to determine his ability to pay attorney fees before imposing them as a sanction. Because we have already concluded under the third assignment of error that the juvenile court erred in imposing attorney fees as a sanction, we conclude that this assignment of error is moot. See Blackwell, 103 Ohio St.3d at 488; App.R. 12(A)(1)(c).
 {¶ 38} In conclusion, we find the juvenile court's decision to adjudicate J.W. delinquent for engaging in the act of ethnic intimidation is valid. We also find, however, that the court erred in classifying the act as a fifth-degree felony. The proper classification for the offense is a first-degree misdemeanor. Consequently, the order confining J.W. to DYS is hereby vacated, and this case is remanded to the juvenile court for a re-disposition that is consistent with a first-degree misdemeanor offense.
 {¶ 39} Furthermore, the juvenile court erred in not making a determination on the record that J.W. has the ability to pay attorney fees before imposing them as a financial sanction. Therefore, the court is instructed to determine on the record if J.W. has the ability to pay court-appointed counsel fees before imposing them upon him.
 {¶ 40} Judgment affirmed in part, reversed in part, and remanded to the juvenile court for further proceedings according to law and consistent with this opinion.
Young, P.J., and Walsh, J., concur.