[Cite as *In re Z.M.W*, 2012-Ohio-1785.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

IN THE MATTER OF:      :
     :
Z.M.W.      : Case No. 11CA24
     :
     : **Released: April 12, 2012**
     :
Adjudicated Delinquent Child      : <u>DECISION AND JUDGMENT</u>
     : <u>ENTRY</u>

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Brooke M. Burns, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Stacks, Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Appellant, Z.M.W., appeals from the judgment of the Athens County Court of Common Pleas, Juvenile Division, revoking his probation and committing him to the custody of Department of Youth Services ("DYS"). On Appeal, Appellant contends that 1) the juvenile court committed plain error and violated his right to due process when it found him delinquent of a probation violation without complying with the requirements of Juv.R. 29(D); and 2) he was denied the effective assistance of counsel when trial counsel failed to object to the revocation of his

probation though the juvenile court revoked his probation without complying with Juv.R. 29(D).

{¶2} Based upon our determination that the trial court failed to substantially comply with Juv.R. 29(D) in accepting Appellant's admission to the probation violation, we cannot conclude that Appellant's admission was knowingly and voluntarily made. As such, Appellant's first assignment of error is sustained, the judgment of the trial court is reversed, Appellant's admission is vacated, and the matter is remanded for further proceedings. Further, in light of our disposition of Appellant's first assignment of error, Appellant's second assignment of error has been rendered moot. Thus, we decline to address it.

## FACTS

{¶3} On October 9, 2007, Appellant was adjudicated a delinquent minor in the Athens County Court of Common Pleas, Juvenile Division, for having committed acts that, if committed by an adult, would constitute the offense of rape, in violation of 2907.02(A)(1)(B), a felony of the first degree. Appellant's disposition included a commitment to DYS for an indefinite term consisting of a minimum period of three years and maximum period not to exceed the child's attainment of age twenty-one (21) years of age. Appellant's DYS commitment was stayed and he was placed in a foster

home and put on probation.  Over then next several years, Appellant went

through multiple placements and was charged with additional offenses,

including a charge of grand theft, a felony if committed by an adult, for

which Appellant was given a second suspended commitment to DYS.

Appellant continued on from placement to placement, including a placement

at Tri-State Youth Academy, which is located in Morrow County.  It is this

placement from which Appellant's current probation violation stems.

{¶4} On June 24, 2011, a detention hearing was held in Morrow

County after Appellant was taken into custody after absconding from

the Tri-State Youth Academy and assaulting several of the academy

employees.  During that detention hearing, Appellant was advised of

his rights by the magistrate, which advisement included Appellant's

right to counsel, right to remain silent, right to a trial, right to confront

witnesses, right to compulsory process and right to object to the

magistrate's decision.  However, the magistrate explained that these

rights were limited to Appellant's current detention and need for

continued detention only.  In fact, the magistrate prefaced the

explanation of Appellant's right as follows:

> "You are here on a detention hearing.  I am not here in any way,
>
> shape or form to adjudicate or decide what it is that you are

alleged to have done. Okay. We are not here to decide that. What I have to do is I'm here to do two things. I have to make a determination you have been detained. You have been in detention and I have to make a determination that your detention was lawful. * * * I then have to decide whether or not further detention is warranted."

At the time of the detention hearing, a formal probation violation had not been filed.

{¶5} Another hearing was held on June 27, 2011, with a judge in Morrow County, after the probation violation was filed. Counsel was appointed and present with Appellant at the hearing, which was described by the judge as a "detention hearing in terms of proceed with this particular matter and/or the determination on the motion to revoke on whether there is an admission or denial." Appellant admitted the probation violation at the hearing, and the matter was transferred back to Athens County for disposition. Disposition hearings were held on July 22 and August 10, 2011, which ultimately resulted in the revocation of Appellant's probation and the imposition of Appellant's previously stayed DYS commitment. It is from the juvenile court's August 11, 2011, journal entry that Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.    THE JUVENILE COURT COMMITTED PLAIN ERROR AND
       VIOLATED Z.W.'S RIGHT TO DUE PROCESS WHEN IT FOUND
       HIM DELINQUENT OF A PROBATION VIOLATION WITHOUT
       COMPLYING WITH THE REQUIREMENTS OF JUV.R. 29(D).

II.    Z.W. WAS DENIED THE EFFECTIVE ASSISTANCE OF
       COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO
       THE REVOCATION OF HIS PROBATION THOUGH THE
       JUVENILE COURT REVOKED HIS PROBATION WITHOUT
       COMPLYING WITH JUV.R. 29(D)."

ASSIGNMENT OF ERROR I

{¶6} In his first assignment of error, Appellant contends that the

juvenile court committed plain error and violated his right to due process

when it found him delinquent of a probation violation without complying

with the requirements of Juv.R. 29(D).  Specifically, Appellant argues that

the trial court failed to personally address him before it determined that his

admission was entered voluntarily, knowingly, and intelligently.  Appellant

further contends that the trial court failed to explain the nature of the

allegations, the consequences of an admission, and the rights he would be

giving up if he entered an admission.  Appellant contends that the trial

court's reference to the rights, as explained to him by the magistrate in the

previous hearing, did not meet the requirements of Juv.R. 29.  The State

disagrees, contending that the trial court complied with Juv.R. 29.

{¶7} Initially, we note appellant failed to object to the magistrate's decision. The State argues that, as such, Appellant has waived all but plain error. However, Appellant, relying on a case from the Fifth District, argues he was not required to file objections in order to preserve this issue on appeal. Based upon the following, we agree.

{¶8} In *In re David G.*, Fifth Dist. No. 2008CA00243 and 00244, 2009-Ohio-4002, (Aug. 3, 2009), a case dealing with a juvenile's admission to violation of a prior court order, the court reasoned at ¶ 31 that even where objections were not filed, "the Supreme Court of Ohio defined the standard of review as whether, under the totality of the circumstances, the juvenile subjectively understood the implications of his plea." Citing *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177 at ¶ 113.[1] Interestingly, in *In re C.S.* the Supreme Court of Ohio expressly acknowledged that C.S. and his mother were informed of their right to object to the magistrate's decision in accordance with Juv.R. 40 and waived any objections. *In re C.S.* at ¶ 62. As such, we will not limit our review to a plain error analysis, despite Appellant's failure to file objections to the magistrate's decision.[2]

---

[1] *In re C.S., supra,* reversed the decision of the Fifth District Court of Appeals in *In re Spears*, Fifth Dist. App. No. 2005CA93, 2006-Ohio-1920 (Apr. 17, 2006), which had applied a plain error analysis based upon Spears' failure to file objections to the magistrate's decision, and instead addressed the issues based upon a substantial compliance analysis, which will be discussed in further detail, infra.

[2] We further note that the only issue the magistrate considered here was Appellant's initial and continued detention. The magistrate did not hear or consider any issue related to Appellant's probation violation, which matter was solely determined by the judge.

{¶9} The Supreme Court of Ohio has recently held that Juv.R. 29 is applicable to probation revocation hearings. *In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, syllabus.[3] Of relevance herein, Juv.R. 29 states:

> (D) Initial procedure upon entry of an admission.
>
> The court may refuse to accept an admission and shall not accept an admission *without addressing the party personally and determining both of the following*:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and *the consequences of the admission*;
>
> (2) The party understands that by entering an admission the party is *waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing*. (Emphasis added).

{¶10} The Supreme Court of Ohio observed in *In re C.S.* that "most courts of appeal have held that only substantial compliance with Juv.R. 29 is needed[,] and in making this observation the Court agreed with that

---

[3] Regarding the application of Juv.R. 29 to probation revocation hearings, the Court reasoned that "[b]ecause the conditions of probation are established through a court order, a violation of probation also constitutes a violation of a court order." *In re L.A.B.* at ¶ 49.

approach. *In re C.S.* at ¶ 112 (internal citations omitted.) Although the focus of In re C.S. was on a juvenile's waiver of the right to counsel at a probation revocation hearing, the Supreme Court held as follows:

> [I]n a juvenile delinquency case, the preferred practice is strict compliance with Juv.R. 29(D). We further hold, however, that if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver. For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea. *In re C.S.* at ¶ 113.

The substantial compliance standard, as set forth in *In re C.S.* remains in tact, and was subsequently adhered to by the Supreme Court of Ohio in *In re L.A.B.*, supra, at ¶ 57, with respect to a waiver of counsel issue. Thus, we must determine whether the juvenile court substantially complied with the requirements of Juv.R. 29(D), based upon the totality of the circumstances, which involves a determination as to whether Appellant subjectively understood the implications of his plea.

{¶11} Here, as set forth above, the magistrate advised Appellant of his rights during the detention hearing held on June 24, 2011. However, the magistrate was careful to limit the explanation of those rights to the detention hearing. The record reveals that at the subsequent hearing held before a judge on June 27, 2011, the judge did, contrary to Appellant's assertion, personally address Appellant and inquire as to whether he wished to enter a plea of admission. Although the manner in which the court conducted this personal colloquy is confusing, it appears the court did personally address Appellant to insure it was his intention to enter an admission. However, based upon our review of the record, we conclude that the trial court did not insure Appellant understood the rights he was waiving by entering an admission, nor was Appellant informed at any point that a possible consequence of his admission would be imposition of his previously stayed DYS commitment.

{¶12} Specifically, the transcript from the second hearing, described by the trial court as a detention/probation hearing, reveals that the trial court did not explain Appellant's rights at all. Instead, the trial court made two passing references to the rights which were explained by the magistrate in the previous hearing. For instance, at the beginning of the hearing the trial court simply stated that "[y]ou have signed all the appropriate waivers of

rights and had your rights explained to you by the magistrate before." Later in the hearing the trial court stated "[a]nd you were previously asked questions about knowingly, voluntarily and all that stuff by Magistrate Freiman; is that right?"

{¶13} At no point during the hearing did the trial court even attempt to enumerate those rights for Appellant. We are mindful that Appellant was informed of his rights during the detention hearing. However, we cannot conclude that the trial court's mere reference to rights enumerated during a detention hearing, which rights were expressly limited to the detention hearing by the magistrate himself, constitute substantial compliance with Juv.R. 29(D) for purposes of accepting an admission during a subsequent probation violation/revocation hearing. See *In re E.L.*, Eighth Dist. No. 90848, 2010-Ohio-1413, ¶ 17 (Apr. 1, 2010). We are further troubled by the fact that the trial court did not advise Appellant that an admission to the probation violation could result in revocation of his probation and imposition of his previously stayed DYS commitment.

{¶14} In fact, it was stated on the record by the trial court during the hearing, prior to acceptance of Appellant's admission, that a representative from Athens County was present and had a placement for Appellant. We believe, after reviewing the transcript, that this statement was misleading

and in effect suggested to Appellant that he would be going back to Athens County and would be placed there, rather than informing Appellant that he could be facing a DYS commitment. As such, we cannot conclude that Appellant subjectively understood the implications of his plea.

{¶15} In light of the foregoing, we find Appellant's admission was not knowingly, intelligently, or voluntarily made, where based upon the totality of the circumstances, we conclude that the trial court failed to substantially comply with Juv.R. 29(D) in accepting Appellant's admission. Thus, Appellant's first assignment of error is sustained. Accordingly, the decision of the trial court is reversed, Appellant's admission is vacated, and this matter is remanded to the trial court.

### ASSIGNMENT OF ERROR II

{¶16} In his second assignment of error, Appellant contends that he was denied the effective assistance of counsel when trial counsel failed to object to the revocation of his probation though the juvenile court though the juvenile court revoked his probation without complying with Juv.R. 29(D). Because our disposition of Appellant's first assignment of error resulted in the reversal of the trial court's decision and Appellant's admission being vacated, Appellant's second assignment of error has been rendered moot. Thus, we decline to address it. See App.R. 12(A)(1)(c).

**JUDGMENT REVERSED IN PART, VACATED IN PART, AND
CAUSE REMANDED.**

Harsha, J., Dissenting:

{¶17} Contrary to the principal opinion's contention, it is the

appellant who has invoked a plain error standard of review here.  See

appellant's first assignment of error.  Thus, I believe that standard is

appropriate.  Finding no manifest miscarriage of justice given appellant's

representation by counsel and familiarity with the juvenile process, i.e., his

numerous prior appearances for violations of court orders, I would affirm the

trial court's judgment.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT REVERSED IN PART, VACATED IN PART, AND CAUSE REMANDED and that the Appellant recover of Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas, Juvenile Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Dissenting Opinion.

For the Court,

BY:     _____
        Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**