[Cite as *In re T.N.*, 2013-Ohio-135.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY


IN THE MATTER OF:

       T.N.,

ADJUDICATED DELINQUENT CHILD.

CASE NO. 14-12-13

O P I N I O N


Appeal from Union County Common Pleas Court
Juvenile Division
Trial Court No. 21120254

Judgment Reversed and Cause Remanded

Date of Decision: January 22, 2013


APPEARANCES:

    *Alison Boggs* for Appellant

    *Rick Rodger* for Appellee

**PRESTON, P.J.**

{**¶1**} Adjudicated-delinquent/appellant, T.N., appeals the Union County Court of Common Pleas, Juvenile Division's judgment entry of disposition. For the reasons that follow, we reverse.

{**¶2**} During the late evening hours of December 10, 2011, T.N. kicked two staff members at the Oesterlen Services for Youth, in Springfield, Clark County, Ohio, where she was receiving counseling treatment for Asperger's syndrome stemming from two previous Union County delinquency cases (case nos. 21120157, 21120164). (Doc. Nos. 1-11); (Jan. 26, 2012 Tr. at 4, 8, 12, 15, 28-31). When law enforcement attempted to place T.N. in custody, she refused, shook her head "no," and pulled her arms away from officers while they were attempting to hand-cuff her. (Doc. Nos. 4-5, 11). Law enforcement transported T.N. to police headquarters, and, when the police officers opened the door to the van to let T.N. out, T.N. fled from the officers. (*Id*.). By the time an officer tackled T.N. to the ground, she had managed to free her left hand from the handcuff and had placed her hands under her body, refusing to cooperate with the officer until he threatened T.N. with pepper spray. (*Id*.).

{**¶3**} As a result of these events, law enforcement filed four separate complaints, charging T.N. with two assaults, violations of R.C. 2903.13(A) and fifth degree felonies if committed by an adult, escape in violation of R.C.

2921.34(A)(1), a third degree felony if committed by an adult, and resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor if committed by an adult. (Doc. No. 12). The charges were assigned Clark County Case Nos. 2011-1710A, B, C, and D, respectively. (*Id*.).

{¶4} On December 12, 2011, the Clark County Juvenile Court held a pretrial for case nos. 2011-1674, charging T.N. with a fifth degree felony assault for a separate incident. (Dec. 12, 2011 Tr. at 3). T.N. waived arraignment on the charges in case no. 2011-1710A, B, C, and D, and the parties indicated they had reached a plea agreement for both cases. (*Id*. at 3-5). Pursuant to the plea agreement, T.N. would admit to the charge of escape in case no. 2011-1710C, and the State would dismiss all the remaining charges in both cases. (*Id*. at 5-6). The trial court, thereafter, accepted T.N.'s admission to the escape charge, dismissed the remaining charges, and transferred disposition to Union County, T.N.'s county of residence and where T.N. was currently on probation. (*Id*. at 8-9); (Doc. Nos. 1, 12, 14-16).

{¶5} The case was assigned Union County Case No. 21120254 upon transfer. (Doc. No. 17). A combined hearing for review of case nos. 21120157 and 211120164 and for disposition of case no. 2112054 was held on January 26, 2012 before a magistrate. (Doc. No. 24). At the hearing and prior to disposition, counsel for T.N. made an oral motion to withdraw T.N.'s admission to the escape

since there was serious doubt concerning whether Oesterlen Services for Youth qualified as a "private child placing agency" for purposes of the felony-level assault charge, which was the predicate offense elevating the escape charge to a third degree felony. (Jan. 26, 2012 Tr. at 33). When the State questioned whether the juvenile court in Union County could properly grant the motion since T.N. admitted to the offense in Clark County, counsel for T.N. alternatively asked the trial court to transfer the matter back to Clark County for consideration of the motion to withdraw. (*Id*. at 34-35). The magistrate ultimately denied both of these motions, finding that the Clark County adjudication was proper, on its face, and that it must presume regularity. (*Id*. at 35).

**{¶6}** The magistrate imposed six months in the Department of Youth Services (DYS) to a maximum up to and including T.N.'s 21st birthday. (*Id*. at 43). The trial court also imposed 90 days in detention, giving her two days credit for the time T.N. was detained in Clark County. (*Id*. at 45). However, the trial court suspended both the DYS commitment and the remaining 88 days of detention and continued T.N.'s previous probation. (*Id*. at 46-47); (Amended Magistrate's Decision, Doc. No. 41).

**{¶7}** On February 23, 2012, T.N. filed objections to the magistrate's decision, arguing that the magistrate should have granted her motion to withdraw

or, alternatively, transferred the case back to Clark County to allow her to file a motion to withdraw. (Doc. No. 50).

{¶8} On March 12, 2012, the trial court overruled the objections. (JE, Doc. No. 56). The trial court concluded that Union County had jurisdiction over T.N's motion to withdraw once the case was transferred from Clark County; however, the motion to withdraw should be denied because the adjudication was proper on its face, T.N. failed to provide a transcript of the Clark County adjudication, and consequently no evidence had been presented to demonstrate any error in the Clark County proceedings. (JE, Doc. No. 56).

{¶9} On April 10, 2012, T.N. filed a notice of appeal. (Doc. No. 65). T.N. now appeals raising five assignments of error for our review. We elect to address T.N.'s fifth assignment of error first since it is dispositive herein.

### Assignment of Error No. V

**The Clark County Juvenile Court erred when it failed to conduct a proper Juvenile Rule 29(D) hearing before accepting appellant's admission.**

{¶10} In her fifth assignment of error, T.N. argues that the trial court in Clark County failed to properly conduct a proper Juv.R. 29(D) hearing prior to accepting her admission.

Juv.R. 29(D) provides, in pertinent part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admissions;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶11} Juv.R. 29 is analogous to Crim.R. 11 since both require a trial court to personally address the offender on the record to ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly. *In re Messmer*, 3d Dist. No. 16-08-03, 2008-Ohio-4955, ¶ 9, citations omitted; *In re Smith*, 3d Dist. No. 14-05-33, 2006-Ohio-2788, ¶ 13, citing *In re Flynn*, 101 Ohio App.3d 778, 781 (8th Dist.1995); *In re Royal*, 132 Ohio App.3d 496, 504 (7th Dist.1999); *In re McKenzie*, 102 Ohio App.3d 275, 277 (8th Dist.1995); *In re Jenkins*, 101 Ohio App.3d 177, 179-180 (12th Dist.1995). The juvenile court has an affirmative duty under Juv.R. 29(D) to "determine that the [juvenile], and not merely the attorney,

understands the nature of the allegations and the consequences of entering the admission." *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996).

{¶12} The best method for complying with Juv.R. 29(D) is for the juvenile court to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission." *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist.1997), citing *State v. Ballard*, 66 Ohio St.2d 473 (1981). Although strict compliance with Juv.R. 29(D) is preferred, only "substantial compliance" is required. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 113. In the context of juvenile delinquency proceedings, "[s]ubstantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* Failure of a juvenile court to substantially comply with Juv.R. 29(D) has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew. *In re Smith*, 2006-Ohio-2788, at ¶ 14, citing *In re Doyle*, 122 Ohio App.3d 767, 772 (2d Dist.1997); *In re Hendrickson*, 114 Ohio App.3d 290 (2d Dist.1996); *In re Christopher R.*, 101 Ohio App.3d 245, 248 (6th Dist.1995).

{¶13} In order to substantially comply with Juv.R. 29(D)(1), "[a] defendant need not be informed of every element of the charge brought against him, but he must be made aware of the 'circumstances of the crime.'" *In re Wood*, 9th Dist.

No. 04CA0005-M, 2004-Ohio-6539, ¶ 18, quoting *State v. Lane*, 11th Dist. Nos. 97-A-056, 97-A-0057, 97-A-0058 (Nov. 19, 1999). When a juvenile is represented by counsel or when the juvenile is served with a copy of the complaint, there is a presumption that the juvenile has been apprised of the nature of the charge. *Id.* at ¶ 18, citing *In re Argo*, 5th Dist. No. CT2003-055, 2004-Ohio-4938, ¶ 32 and *Bousley v. U.S.*, 523 U.S. 614, 618, 118 S.Ct. 1604 (1998).

{¶14} The Court of Appeals for the Eighth Appellate District concluded that a trial court did not substantially comply with Juv.R. 29(D)(1) when it failed to review the elements of an offense or inquire whether the juvenile understood the nature of the offense prior to accepting his admission, even though the prosecutor recited the evidence that would constitute the offense at the trial court's direction, in the juvenile's presence, and prior to the acceptance of the juvenile's admission. *In re S.M.*, 8th Dist. No. 91408, 2008-Ohio-6852. The Court of Appeals in several appellate districts, including this district, has concluded that a trial court failed to substantially comply with Juv.R. 29(D)(1) when it did not inform the juvenile of his possible term of commitment prior to accepting his admission. *In re Hendrickson*, 114 Ohio App.3d at 293. *See also In re Keeling*, 3d Dist. No. 1-09-51, 2010-Ohio-1713, ¶ 18; *In re Beechler*, 115 Ohio App.3d at 572; *In re Prithcard*, 5th Dist. No. 2001 AP 080078, 2002-Ohio-1664; *In re Holcomb*, 147 Ohio App.3d 31, 2002-Ohio-2042 (8th Dist.).

**{¶15}** Whether the trial court substantially complied with Juv.R. 29(D) presents an issue of law reviewed on appeal de novo. *In re C.K.*, 4th Dist. No. 07CA4, 2007-Ohio-3234, ¶ 15; *In Matter of Beckert*, 8th Dist. No. 68893, *1 (Aug. 8, 1996); *In re R.D.G.*, 12th Dist. No. CA2010-12-323, 2011-Ohio-6018, ¶ 10.

**{¶16}** Before discussing the merits of this case in light of the applicable law, we must address a couple preliminary matters. Initially, we note that the State failed to file an appellee's brief, and therefore, we "may accept the appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). On the other hand, T.N. failed to file any objections relating to the Clark County magistrate's failure to properly conduct a Juv.R. 29(D) inquiry prior to accepting her admission. Juv.R. 40(D)(3)(b)(iv) generally provides for a waiver of all but plain error on appeal under those circumstances. The Second and Tenth Appellate Districts have followed this general rule and concluded that a Juv.R. 40(D)(3)(b) objection is necessary to preserve a Juv.R. 29(D) error on appeal and absent such an objection the appellant is limited to raising plain error. *In re Harper*, 2d Dist. No. 19948, 2003-Ohio-6666, ¶ 2, 4; *In re J.J.A.*, 10th Dist. Nos. 09AP-242, 09AP-243, 2010-Ohio-672, ¶ 6, 9; *In re B.J.C.*, 10th Dist. No. 07AP-961, 2008-Ohio-2794, ¶ 5; *In re T.K.W.*, 10th Dist. Nos. 06AP-903, 06AP-904, 2007-Ohio-1205, ¶

6, 12. The Fourth and Fifth Appellate Districts, however, have found that the delinquent need not file such an objection to preserve a Juv.R. 29(D) error for appeal purposes. *In re David G.*, 5th Dist. Nos. 2008 CA 00243, 2008 CA 00244, 2009-Ohio-4002; *In re Z.M.W.*, 4th Dist. No. 11CA24, 2012-Ohio-1785. We do not need to choose sides in this waiver debate, because the Clark County magistrate's failure to substantially comply with Juv.R. 29(D), prior to accepting the juvenile's admission, constituted plain error. *In re Tabler*, 4th Dist. No. 06CA30, 2007-Ohio-411; *In re S.M.*, 2008-Ohio-6852, at ¶ 15; *In re Hall*, 9th Dist. No. 20658, 2002-Ohio-1107; *In re R.A.*, 11th Dist. No. 2009-P-0063, 2010-Ohio-3687, ¶ 18. *See also In re Etter*, 134 Ohio App.3d 484, 493 (1st Dist.1998) (failure to substantially comply with Juv.R. 29(D) in case affecting parental rights is plain error); *In re Elliot*, 4th Dist. Nos. 03CA65, 03CA66, 2004-Ohio-2770, ¶ 15 (same); *In re L.C.*, 8th Dist. No. 90390, 2008-Ohio-917, ¶ 24; *In re Roque*, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, ¶ 19.

{¶17} With those preliminary matters now resolved, we turn to the merits of T.N.'s fifth assignment of error. The following colloquy occurred during the Clark County combined arraignment/adjudicatory hearing:

THE COURT[1]: All right. We are here in the matter of [T.N.] for a

pre-trial in case 2011-1674, a charge of assault, a felony of the fifth

---

[1] The transcript refers to "The Court" even though a magistrate is speaking, not the judge of the court.

degree, and in case 2011-1710, A, B, C, and D for arraignment on these charges. However it's my understanding that counsel has already discussed these charges and we're ready to proceed on all of these charges as a pre-trial.

MR. WILLIAMS: That's correct, your Honor. The defense would waive arraignment in case 2011-1710.

THE COURT: Have your reviewed [T.N.'s] rights with her? Do you need to do that?

MR. WILLIAMS: I have reviewed her right to trial on all of these matters, your Honor, including the matters in which she has not yet been arraigned. She understands that she does have a right to a trial on all of these matters.

THE COURT: Okay. And [T.N.] is represented by Attorney Williams. The State of Ohio is represented by Assistant Prosecutor Reed. It's my understanding that [T.N.'s] from Union County.

THE YOUTH: Yes, your Honor.

* * *

MR. WILLIAMS: Thank you, your Honor. I've had a pre-trial conference with my client, as well as with Attorney Reed on behalf of the State of Ohio, as well as with all the folks here from Union

County and [T.N.'s] mother. At this time, we've reached an agreement, the terms of which are [T.N.] would admit to the escape charge in case 2011-1710, that being a felony of the third degree, with the understanding that the A charge, resisting arrest, a misdemeanor of the second degree, the B charge of assault, a felony of the fifth degree, and the D charge of assault, a felony of the fifth degree, would be dismissed. Also, the State would be willing to dismiss the assault charge, a felony of the fifth degree in 2000 -- in case 2011-1674 upon her admission.

THE COURT: All right. You indicated a D charge in case 2011-1710 was an assault, F-5. I have that as a resisting arrest, F-2 [sic].

MR. WILLIAMS: I'm sorry. I had the resisting as the A charge, maybe I misspoke. There were four charges; a resisting arrest --

THE COURT: As long as we're clear that we're dismissing resisting arrest, and then two assault charges --

MR. WILLIAMS: That is correct, your Honor, upon the admission to the escape.

THE COURT: -- is that correct?

MR. REED: That's correct.

THE COURT: And then the assault charge in 1674?

MR. REED: That's correct.

* * *

THE COURT: All right. [T.N.], is it true that you wish to admit to the charge of escape, a felony of the third degree?

THE YOUTH: Yes.

THE COURT: Are you admitting this charge because it is true?

THE YOUTH: Yes.

THE COURT: Is anyone forcing you to make this admission?

THE YOUTH: No.

THE COURT: Is anyone promising you anything, other than the dismissal of the other charges?

THE YOUTH: No.

THE COURT: Is it your intention to give up your right to trial --

THE YOUTH: Yes.

THE COURT: -- to make this admission? Do you understand that you have the right to have a trial on all of these charges?

THE YOUTH: Yes.

THE COURT: And you don't want to do that?

THE YOUTH: No.

THE COURT: Why?

THE YOUTH: Just get it done and over with.

THE COURT: Why?

THE YOUTH: I just don't feel like going through all that, I guess.

THE COURT: Okay. And let me ask, Mandy Postal, you're her CSB worker?

MS. POSTAL: Yes, your Honor.

THE COURT: And is there anything in Mandy -- in [T.N.'s] background that would cause you to believe that she does not understand what she's doing today?

MS. POSTAL: I do not believe so, your Honor. She is diagnosed with Asperger's but I believe that she does understand what she's doing here today.

THE COURT: Okay. Is she -- does she – she's on probation in Union County as well with Ms. Price; is that correct?

MS. POSTAL: Yeah. Yes, your Honor.

THE COURT: And so she's had other charges in the past. Has she ever been found to not be competent?

MS. POSTAL: No, your Honor.

THE COURT: Has there ever been an issue of competency raised?

MS. POSTAL: No, your Honor.

* * *

THE COURT: All right. I'll accept your admission and adjudicate you delinquent of the charge of escape, a felony of the third degree. I will dismiss the A, B, and D charges, resisting arrest and two charges of assault, F-5's, and I'll dismiss the assault F-5 charge in case 2011-1674, and I will transfer this matter to Union County for disposition. * * *. (Dec. 12, 2011 Tr. at 3-9).

{¶18} The Clark County magistrate's Juv.R. 29(D) colloquy was inadequate to insure that T.N. entered her admission voluntarily, intelligently, and knowingly; and therefore, T.N. was deprived procedural due process, which amounts to plain error. Other than mentioning the names and levels of the criminal charges facing T.N., the magistrate did not otherwise explain the nature of the charges—neither their factual basis nor their elements—as required under Juv.R. 29(D)(1). The presumption that T.N. had been appraised of the nature of the charges by virtue of having trial counsel does not eviscerate the magistrate's affirmative duty to determine that T.N., and not merely her attorney, understood the nature of the allegations and the consequences of entering her admission. *In re Wood*, 2004-Ohio-6539, at ¶ 18, citing *In re Argo*, 2004-Ohio-4938, at ¶ 32 and *Bousley*, 523 U.S. at 618; *In re Beechler*, 115 Ohio App.3d at 571. The magistrate's explanation concerning the criminal charges was so cursory that we

are not persuaded that T.N. understood the nature of the allegations against her. In addition to that, the magistrate completely failed to mention *any* of the possible consequences facing T.N. upon her admission to a third degree felony offense—significant possible consequences, including possible DYS commitment. This fact weighs heavily towards finding a lack of substantial compliance in this case. *See In re Keeling*, 2010-Ohio-1713. Finally, although her attorney stated that he informed T.N. of her "right to a trial," Juv.R. 29(D)(2) more specifically requires that the juvenile understand he has the "right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

{¶19} Given the inadequate nature of the colloquy, the magistrate did not substantially comply with the Juv.R. 29(D), depriving T.N. of her procedural due process rights, which constitutes plain error. The magistrate's failure to substantially comply with Juv.R. 29(D) had a prejudicial effect upon T.N., necessitating a reversal of the adjudication so that she may plead anew. *In re C.S.*, 2007-Ohio-4919, at ¶ 112; *In re Smith*, 2006-Ohio-2788, at ¶ 14, citing *In re Doyle*, 122 Ohio App.3d at 772.

{¶20} T.N.'s fifth assignment of error is, therefore, sustained.

**Assignment of Error No. I**

**The Clark County Juvenile Court erred when it failed to transfer appellant's case to Union County, pursuant to Ohio Juvenile Rule 11(B).**

**Assignment of Error No. II**

**The Union County Juvenile Court erred when it failed to conduct a hearing to determine if appellant should be permitted to withdraw her guilty plea.**

**Assignment of Error No. III**

**The Union County Juvenile Court erred when it failed to permit appellant to withdraw her guilty plea.**

**Assignment of Error No. IV**

**Appellant's attorney failed to provide her with the type of counsel guaranteed by the Fifth Amendment to the United States Constitution when he failed to raise the issue of the classification of Oesterlen prior to her admission to the charges, as the classification of Oesterlen directly influenced the type of charges appellant faced.**

{¶21} In her remaining assignments of error, T.N. raises several issues all stemming from her claim that she improperly admitted to a third degree felony escape charge as a result of the State's erroneous classification of Oesterlen Youth Services' employees under R.C. 2903.13(C)(5). Specifically, T.N. argues that Oesterlen Youth Services is not a "private child placing agency" under R.C. 2903.13(C)(5), so her alleged assault upon their employees was only a misdemeanor-level offense. Since the alleged assault was only a misdemeanor-

level offense, T.N. argues that her escape charge is only a misdemeanor pursuant to R.C. 2921.34(C)(1). DYS commitment is not an available punishment for a misdemeanor. R.C. 2152.16; *In re J.W.*, 12th Dist. Nos. CA2004-02-036, CA2004-03-061, 2004-Ohio-7139, ¶ 16-21.

**{¶22}** T.N.'s remaining assignments of error are rendered moot in light of our disposition of T.N.'s fifth assignment of error. T.N. will have an opportunity to address her concern regarding the appropriateness of the third degree felony escape charge upon remand when she may plead anew, and the trial court can clarify the record or correct the problem if justice so requires.

**{¶23}** Nevertheless, since T.N.'s first, second, third, and fourth assignments of error are moot, we will not address them any further. App.R. 12(A)(1)(c).

**{¶24}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**