[Cite as *In re R.H.*, 2016-Ohio-746.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

      R.H.,

ALLEGED DELINQUENT CHILD.

CASE NO. 1-15-37

O P I N I O N

---

**Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 13JG30562**

**Judgment Reversed and Cause Remanded**

**Date of Decision: February 29, 2016**

---

APPEARANCES:

    *Brooke M. Burns* **for Appellant**

    *Holly N. Urbanick* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, R.H., appeals the judgment of the Court of Common Pleas of Allen County, Juvenile Division, finding that he violated the terms of his probation, committing him to the Ohio Department of Youth Services ("DYS") for a minimum period of one year, and classifying him as a tier III juvenile sex offender.[1]  On appeal, R.H. argues that (1) the juvenile court erred in accepting his admission to a probation violation and (2) R.C. 2152.83(A), Ohio's statute governing juvenile sex offender classification, is unconstitutional.  For the reasons that follow, we reverse the judgment of the juvenile court.

{¶2} On May 14, 2013, a complaint was filed in the Court of Common Pleas of Allen County, Juvenile Division, alleging that 17-year-old R.H. was delinquent of one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree if committed by an adult.  The complaint stemmed from a report that R.H. had forced his younger sibling to engage in sexual activities with him.

{¶3} On November 20, 2013, an adjudicatory hearing was held, and pursuant to a negotiated plea agreement, R.H. entered an admission to an amended charge of attempted rape in violation of R.C. 2907.02(A)(2) and 2923.02(A), a felony of the second degree if committed by an adult.  In exchange, the State recommended a stayed commitment at DYS provided that R.H. completed a

---

[1] Although the January 2014 judgment entry placed R.H. on "community control", the juvenile court later referred to this aspect of the disposition as "probation."  For sake of clarity, we will also refer to this aspect of the disposition as "probation."

treatment program at the Juvenile Residential Center ("JRC"). Pursuant to Juv.R. 29(D), the juvenile court accepted R.H.'s admission and adjudicated him delinquent of the charge.

{¶4} On January 8, 2014, a dispositional hearing was held, and the juvenile court committed R.H. to the legal care and custody of DYS for an indefinite term of one year and a maximum period not to exceed the age of 21. Pursuant to the State's recommendation, the DYS commitment was stayed, and R.H. was committed to JRC for treatment.

{¶5} On December 12, 2014, R.H.'s probation officer filed an affidavit of failure to comply, alleging that R.H. had been "unsuccessfully discharged from his commitment to [JRC] because of non-compliance and lack of progress in the program. All being in violation of established rules and regulations of [probation]." (Docket No. 50, p. 1). As a result, the juvenile court terminated R.H.'s commitment at JRC and ordered that he be detained at the Allen County Juvenile Detention Center until further order.

{¶6} A few days later, on December 19, 2014, the State filed a motion requesting that R.H. be committed to the legal care and custody of DYS due to his probation violation.

{¶7} On February 9, 2015, an adjudicatory hearing was held on the affidavit, and R.H. entered an admission to the allegations. After determining that

R.H. understood the nature of the allegations and was acting voluntarily, the juvenile court accepted the admission.

{¶8} Next, R.H.'s probation officer reiterated the facts underlying the allegations, and "[b]ased on the admission [sic] the facts as recited," the juvenile court "enter[ed] a finding that [R.H.] ha[d] violated the terms and conditions of probation * * *." Feb. 9, 2015 Hrg., p. 7.

{¶9} On May 20, 2015, a dispositional hearing was held concerning R.H.'s probation violation and the State's motion to impose R.H.'s stayed commitment. The State offered a copy of R.H.'s discharge summary from JRC into evidence, after which the State and R.H.'s probation officer recommended that R.H. be committed to DYS.

{¶10} Ultimately, the juvenile court granted the State's motion, imposed R.H.'s stayed commitment, and classified him as a tier III juvenile sex offender registrant. The juvenile court further ordered that R.H. pay court costs as a result of his probation violation.

{¶11} It is from this judgment that R.H. appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE ALLEN COUNTY JUVENILE COURT ERRED WHEN IT ADJUDICATED R.H. DELINQUENT OF A PROBATION VIOLATION BECAUSE IT DID NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS OF JUV.R. 29.** *IN*

*RE L.A.B.*, **121 OHIO ST.3D 112, 2009-OHIO-354, 902 N.E.2D 471. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE 1, SECTION 16. (2/9/15 T.PP. 1-10; A-1).**

*Assignment of Error No. II*

**THE ALLEN COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED R.H. AS A TIER III JUVENILE SEX OFFENDER REGISTRANT UNDER R.C. 2152.83(A), IN VIOLATION OF R.H.'S RIGHT TO DUE PROCESS, EQUAL PROTECTION, AND HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY. FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTIONS 2, 9, AND 16. (5/10/15 T.PP. 8; A-1).**

*Assignment of Error No. I*

**{¶12}** In his first assignment of error, R.H. claims that the juvenile court failed to conduct a proper Juv.R. 29(D) colloquy prior to accepting R.H.'s admission to the allegations in the affidavit. Specifically, R.H. claims that the trial court did not ascertain whether he understood (1) the rights that he would be giving up if he entered an admission and (2) the consequences of entering an admission. We agree.

**{¶13}** Under Juv.R. 29(D), the juvenile court shall not accept an admission without addressing the party personally and determining both of the following:

> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

This rule applies to all juvenile adjudicatory hearings, including probation revocation hearings. *In re L.A.B*, 121 Ohio St.3d 112, 2009-Ohio-354, ¶ 65. "The juvenile court has an affirmative duty under Juv.R. 29(D) to 'determine that the child, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.' " *In re T.N.*, 3d Dist. Union No. 14-12-13, 2013-Ohio-135, ¶ 11, quoting *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996). The best method for complying with Juv.R. 29(D) is for a juvenile court to tailor the language of the rule to "the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission." *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788, ¶ 14, quoting *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist.1997).

{¶14} While strict compliance with Juv.R. 29(D) is preferred, only "substantial compliance" is required. *In re C.S.*, 115 Ohio St.3d 267, 2007–Ohio–4919, ¶ 113. "[S]ubstantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea. *Id*. "Failure of a juvenile court to substantially comply with Juv.R. 29(D) has a

prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re T.N.* at ¶ 12, quoting *In re Smith* at ¶ 14.

{¶15} Here, the State concedes that the juvenile court failed to substantially comply with the colloquy requirements of Juv.R. 29(D) prior to accepting R.H.'s admission to the allegations in the affidavit. The only relevant exchange between the juvenile court and R.H. concerned the nature of the allegations and the voluntariness of R.H.'s admission; the juvenile court failed to discuss the consequences of an admission or the rights that a juvenile waives by entering an admission.

{¶16} The State argues, however, that the error only affects the juvenile court's adjudication and disposition of the affidavit, as opposed to its decision to revoke R.H.'s probation and impose his stayed commitment at DYS. Specifically, the State argues that "the [juvenile] court had a multitude of evidence to support invoking the stayed commitment based on the stipulated JRC discharge summary and the recommendation of both the State and R.H.'s probation officer." Appellee's Brief, p. 7. We find this argument unpersuasive.

{¶17} "During a probation revocation hearing, the juvenile court determines whether a juvenile has violated a condition of probation." *In re L.A.B.*, 2009-Ohio-354 at ¶ 49. Under Juv.R. 35(B), "Probation shall not be revoked except upon a *finding* that the [juvenile] has violated a condition of probation of

which the [juvenile] had * * * been notified." (Emphasis added.) "A juvenile court must comply with Juv.R. 35(B) before it revokes probation and imposes a previously suspended commitment." *In re A.R.D.*, 12th Dist. Butler Nos. CA2008–04–095, CA2008–04–103, 2009–Ohio–1306, ¶ 11.

{¶18} In this case, whether the juvenile court had a multitude of evidence before it at the May 2015 hearing to support imposing R.H.'s stayed commitment is immaterial because the juvenile court never found—at the May 2015 hearing or in its subsequent entry—that R.H. had violated a condition of probation.

{¶19} Instead, at the February 2015 hearing, the juvenile court found that R.H. had violated a condition of probation "[b]ased on the admission [sic] the facts as recited." Feb. 9, 2015 Hrg., p. 7. Clearly, the juvenile court based its probation-violation finding, in part, on R.H.'s admission to the allegations in the affidavit—an admission which the State concedes was accepted in violation of Juv.R. 29(D).

{¶20} In sum, the juvenile court erred by failing to substantially comply with the colloquy requirements of Juv.R. 29(D) prior to accepting R.H.'s admission to the allegations in the affidavit, and this error directly affected the juvenile court's ability to invoke R.H.'s stayed commitment.

{¶21} Accordingly, we sustain R.H.'s first assignment of error.

*Assignment of Error No. II*

**{¶22}** In his second assignment of error, R.H. argues that R.C. 2152.83(A), Ohio's statute governing juvenile sex offender classification, is unconstitutional. Specifically, R.H. argues that this subsection offends the Equal Protection Clause, the Due Process Clause, and the Double Jeopardy Clause of the U.S. Constitution and the Ohio Constitution.

**{¶23}** R.H. did not challenge the constitutionality of R.C. 2152.83(A) before the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 64, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), paragraph one of the syllabus. Although it is "within the reviewing court's discretion to address the constitutional argument under a plain error analysis", we decline to exercise that discretion here. *Haller* at ¶ 64, citing *In re M.D.*, 38 Ohio St.3d 149 (1988), paragraph one of the syllabus.

**{¶24}** Alternatively, R.H. argues that his constitutional claims relate to the juvenile court's subject-matter jurisdiction. Subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, and it can never be waived and may be challenged at any time. *United States v. Cotton*, 535 U.S. 625, 630,

122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Absent a proper bind-over procedure, a juvenile court has exclusive subject-matter jurisdiction over any case concerning a child who is alleged to be delinquent. *State v. Wilson*, 73 Ohio St.3d 40, 43 (1995); *see generally* R.C. Chapter 2151.

**{¶25}** R.H. fails to explain how his claim concerning R.C. 2152.83(A) affected the juvenile court's ability to hear and adjudicate R.H.'s delinquency proceedings. Under App.R. 12(A)(2), we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority, as required by App.R. 16(A)(7). *In re A.M.*, 3d Dist. Marion No. 9-14-46, 2015-Ohio-2740, ¶ 19 citing *Black v. St. Marys Police Dept.*, 3d Dist. Mercer No. 10–11–11, 2011–Ohio–6697, ¶ 14.

**{¶26}** Accordingly, we overrule R.H.'s second assignment of error.

**{¶27}** Having found error prejudicial to R.H., in the particulars assigned and argued, we reverse the judgment of the juvenile court and remand the matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and WILLAMOWSKI, J., concur in Judgment Only.**

**/jlr**